GRACE M. ROWLAND, *Appellant*, v. ALBERT F. MILLER, ADMINISTRATOR *De Bonis Non Cum Testamento Annexo* OF THE ESTATE OF EUGENE B. ROWLAND, DECEASED; HENRY J. ROWLAND AND MELVA A. ROWLAND, HIS WIFE, HEIRS OF E. B. ROWLAND, JR., DECEASED, AND H. J. ROWLAND AS ADMINISTRATOR OF THE ESTATE OF E. B. ROWLAND, JR., DECEASED, ELIZABETH E. ALEXANDER AS EXECUTRIX OF THE WILL OF CASS'US ALEXANDER, DECEASED, AND E. E. ALEXANDER AND RUTGERS ALEXANDER AS DEVISEES UNDER THE WILL OF CASSIUS ALEXANDER, DECEASED, *Appellees*.

Opinion Filed March 25, 1921.

1. The rule of construction of wills is that if there is an irreconcilable conflict between two clauses of a will the latter clause will prevail as being the last expression of the testator's intention where the clauses refer to the same subject-

matter, but this rule also requires that the two clauses be so construed as to harmonize them if possible and give effect to each, rejecting the first only so far as is necessary to give effect to the latter.

2. Where a testator devised to his nephew a certain lot and then expressed the desire that the property be held in trust by his executors until his nephew should arrive at the age of twenty-five years "if he be living at my (testator's) death" and "if he be not living" that the property should be sold and the proceeds given to his niece, and then expressed the further desire that the taxes and insurance be paid out of the rents from the store and the residue paid over to the testator's brother, or in the event of his death to his niece. *Held*, that the nephew took no interest in the property until he arrived at the age of twenty-five years, and if he was not living at the time when he would have arrived at that age had he lived, the proceeds of the sale of the property should go to the niece.

An Appeal from the Circuit Court for Pinellas County; O. K. Reaves, Judge.

Order reversed.

*N. B. K. Pettingill,* for Appellant;

*Thomas Hamilton* and *John U. Bird,* for Appellees.

ELLIS, J.—This is an appeal from an order sustaining a demurrer to a bill in equity exhibited by appellant against the appellees in the Circuit Court for Pinellas County to declare a trust to exist in favor of the complainant in certain real property and the proceeds of the sale of it.

The case involves the construction of a certain clause in the will of Eugene B. Rowland, deceased. According

to the allegations of the bill of complaint as admitted by the demurrer of Henry J. Rowland as Administrator of Eugene B. Rowland, Jr., deceased, and H. J. Rowland and wife, his heirs, and the demurrer of Elizabeth E. Elexander as Executrix of the will of Cassius Alexander, and E. E. and Rutgers Alexander, devisees under his will, the following are the material facts which gave rise to this litigation:

Eugene B. Rowland died in Pinellas County on July 23, 1913, testate. He was seized and possessed of a certain lot and store building in the city of St. Petersburg; that James Norton and Horace Williams were named as executors of his will, which was duly probated; that these men accepted the appointment, qualified as executors, paid off the debts of the testator and the specific legacies bequeathed, and then resigned, and Albert F. Miller was appointed by the County Judge as Administrator *Cum Testamento Annexo* of the estate, and has in his possession all property of the estate not administered. That Eugene B. Rowland, Jr., was a nephew of Eugene B. Rowland, and at the time of the latter's death was living in the State of Michigan. That Eugene B. Rowland, Jr., died on October 5, 1918, and had not then reached the age of twenty-five years. That the complainant, Grace Rowland, is a niece of Eugene B. Rowland, deceased, and that Merriman Rowland was a brother. That on March 28th, 1917, Eugene B. Rowland, the nephew, undertook by warranty deed to convey to Cassius Alexander an undivided one-fourth interest in the certain real property hereinafter described and referred to heretofore. The deed was duly recorded in Pinellas County. Eugene B. Rowland, Jr., died intestate without issue, leaving as his sole heirs his father, Henry J. Rowland, and mother, Melva A. Rowland; the former was appoint-

ed administrator of his son's estate; that Cassius Alexander died July 24, 1918, testate, devising to Elizabeth E. Alexander and Rutgers Alexander any real estate of which he, the testator, may have died possessed in Florida; that Elizabeth Alexander was appointed executrix and qualified. That Henry J. Rowland and his wife, the mother and father of Eugene B. Rowland, Jr., claim in right of their son an undivided three-fourths interest in the land, and that Elizabeth Alexander and Rutgers Alexander will make a like claim to the undivided one-fourth interest in the land attempted by Eugene B. Rowland, Jr., to be conveyed to Cassius Alexander. Merriman Rowland died in Rochester, New York, in May, 1918. That Albert F. Miller, the administrator of the estate of the Eugene B. Rowland first named, has collected more than enough rent from the store building to pay all taxes and insurance thereon. The ninth paragraph of the will of Eugene Rowland is as follows:

"9th. I give and bequeath and devise to my nephew, Eugene B. Rowland, of Grand Lodge, Michigan, lot 7 and east 7 feet of lot 8, block (33) of the block (33), revised map of St. Petersburg, Fla., known as 148-150 and 152 Central Avenue. I desire this property to be held by my executors in trust until the said Eugene B. Rowland shall reach the age of twenty-five years, which will be year 1921 if he be living at my death; if he be not living I desire the property to be sold and the proceeds given to my niece, Grace Rowland, of Omaha, Neb. The rents of the store to pay the taxes and insurance, and if any is left from the rents I desire it to be given to my brother, Merriman Rowland, of Rochester, N. Y., if he be living; if not living, to be given to my niece, Grace Rowland, of Omaha, Neb."

If Eugene B. Rowland, of Michigan, the nephew, took under that clause any interest whatever in the land described therein, was it conditional or unconditional? Or was the taking of any interest by him made conditional upon his arriving at the age of twenty-five years? The first sentence of the clause standing alone is a complete devise in fee, to Eugene B. Rowland, of the land described. The second sentence, however, which is dividel into two parts, evinces an intention just as clear that a complete devise in feè to Eugene B. Rowland was not intended, because the purpose is expressed to have the property held in trust by his executors, neither of whom was Eugene B. Rowland, of Michigan, until the latter should reach the age of twenty-five years. The phrase "If he be living at my death" has no legal significance nor meaning in the connection in which it appears at the end of the first half of the second sentence, because the devisee could take no interest whatsoever under the will unless he was living at the time of the testator's death. Now the second half of the sentence begins with the words: "If he be not living," etc. To what time does that condition refer? The paragraph contains a third and last sentence which is also divided into two parts and expresses the desire of the testator that the taxes and insurance upon the property should be paid out of the rents from the store and whatever was left from the rents should be paid over to his brother, Merriman Rowland, and in case of his death to Grace Rowland. The last sentence explains the meaning of the words with which the latter half of the second sentence begins and definitely fixes the time to which they refer as the day when the devisee, Eugene B. Rowland, would arrive at the age of twenty-five years. This is true because the last sentence evinces a clear purpose to have the taxes and insurance,

generally yearly settlements, paid by the testator's executors out of the rents from the store, and the residue paid over to his brother, or in the event of his death to the niece. Obviously the thought in the testator's mind was that his nephew would survive him; that is presumed from the fact that the testator made provision for him in the will; that some time, perhaps years, would elapse between the date of his death and the date when his nephew would arrive at the age of twenty-five years, during which time the brother, Merriman, or in case of his death, the niece should receive the rents from the property less taxes and insurance. If the testator intended, as appellees' counsel contend, that the nephew, Eugene, should take the fee simple upon the testator's death, then the last sentence of the paragraph in which provision is made for the brother out of the rents from the property is meaningless. It is equally absurd if it had been the testator's intention that the property should be sold and the proceeds given to his niece in the event Eugene should not be living when the testator died. So the conclusion seems inevitable, that the testator intended to provide for his brother, and in case of his death, the niece, out of the rents from the property until Eugene should arrive at the age of twenty-five, and if at the time when he would have arrived at that age he should not be living, the property should be sold and the proceeds given to the niece. That purpose expressed in the two last sentences of the paragraph is inconsistent with the purpose expressed in the first sentence to create an absolute estate in fee in the nephew, Eugene, upon the death of the testator. The two gifts are, therefore, inconsistent and irreconcilable.

One of the canons of construction in the law of wills is that in such a case the latter clause prevails—as being the last expression of the testator's wish. See Leices-

ter v. Biggs, 2 Taunt. *109; Sims v. Doughty, 5 Ves. Jr. *243. Brocklebank v. Johnson, 20 Beav. 205; Kerr v. Clinton, L. R. 8 Eq. Cas. 462; 28 Laws of England (Halsbury) 677; 1 Jarmon on Wills 565; 40 Cyc. 1417.

In the first part of the second sentence of the paragraph, the testator expresses an intention in irreconcilable contradiction of an intention to devise the property in fee simple to his nephew, where he uses the following language: "I desire this property to be held by my executors in trust until the said Eugene B. Rowland shall reach the age of twenty-five years," etc. Here it seems to have been the testator's purpose that the legal estate should be in his executors. There was something to be done by them which made it necessary for them to have the legal estate. They were to collect rents, pay taxes and insurance and pay over the residue to his brother, or in case of his death to the niece. Not even the beneficial estate became vested in the nephew. It seems to us that this construction gives effect to every provision of the will and carries out the testator's intention as expressed without rejecting any words as repugnant or meaningless, but effects a reconciliation of the various provisions of the paragraph and disturbs no further than is necessary the gift as expressed in the first sentence of the paragraph.

It follows from the views here expressed that the order sustaining the demurrer to the bill and dismissing the bill should be reversed. It is so ordered.

BROWNE, C. J., AND TAYLOR, WHITFIELD AND WEST, J. J., concur.