HARRIET M. STERNBERG and PENNSYLVANIA TRUST COM-
PANY, a Corp., v. FLORIDA NATIONAL BANK OF JACK-
SONVILLE, as Executor.

154 Sou. 844.
Opinion Filed April 24, 1934.
Petition for Rehearing Denied June 4, 1934.

*George C. Bedell, Chester Bedell* and *Marland Gale*
(N. Y. City), for Appellants;
*George M. Powell,* for Appellee.

TERRELL, J.—In October, 1926, Charles Henry Black
Turner of Jacksonville, Florida, executed his last will and
testament, items eight and nine of which are as follows:

"Item Eight: I bequeath all the rest and residue of my
personal property to my niece, Harriet M. Sternberg, of
Reading, Pennsylvania.

"Item Nine: I give, devise and bequeath all the rest and residue of my estate and effects of whatever kind, character or nature and wherever situated, real, personal and mixed, of which I may be possessed, to which I may be entitled, and of which I may have the power to dispose at the time of my decease, and also all contingent, executory, or other future interests in any real or personal estate whether I may or may not be ascertained as the person or one of the persons in whom the same respectively may become vested, and whether I may be entitled thereto under the instruments by which the same respectively were created, or under any disposition thereof by deed or will, and also such of the same estates, interests and rights respectively, and other real and personal estate as I may be entitled to at the time of my death, notwithstanding that I may become entitled to the same subsequently to the execution of this my will. To the Florida National Bank of Jacksonville, a corporation organized and existing under and by virtue of the laws of the United States, and having its place of business in the City of Jacksonville, Duval County, Florida, as Trustee upon trust;"

Following the trust estate as thus created by item nine, paragraphs "a," "b," "c," "d," and "e," of said item, define the powers of the trustee and the method of administering the said trust estate. Paragraphs "d" and "e" command the trustee to pay the net income from the trust estate to Appellant, Harriet M. Sternberg, for her life, and at her death, to pay, transfer, and divide the said trust estate, capital and income therefrom or so much as may be *in esse* between and among the children of Harriet M. Sternberg, surviving her death, the said beneficiaries to take *per stirpes* and not *per capita* and to be selected at the time of the death of Harriet M. Sternberg and not at the death of the testator.

In October, 1930, the testator died, and his will was duly probated in Duval County. In October, 1931, the bill of complaint herein was filed by the Trustee in the Circuit Court, praying a construction of the terms of said will and a definition of the duties of the plaintiff as executor and trustee thereunder. Service was had on both defendants by publication and decree *pro confesso* was seasonably entered against them. A final decree was accordingly promulgated, finding the equities to be with the complainant and adjudicating item eight to be subordinate to and in conflict with item nine, and that it was the duty of Complainant to faithfully carry out the provisions of item nine in disregard of item eight. The instant appeal is from that final decree.

It is contended here that the judgment below is ineffective because of the lack of necessary parties defendant. It is further contended that the terms of the will did not warrant the interpretation placed on it.

The contention as to lack of necessary parties defendant, is not well grounded. As to the personal property, Harriet M. Sternberg was given a life interest with remainder to her children *per stirpes* and not *per capita,* to be selected at her death and not at the death of the testator. In this state of the devise, Harriet M. Sternberg is the sole, direct beneficiary of both the personalty and the trust estate, as there is nothing in the record to indicate that she had any children in being at the time of this suit and if she did, there is no way of telling which of them would be living when the remainder passes to them at the death of the life beneficiary.

We are also of the view that this contention is foreclosed by Sections twelve and eighteen of Chapter 14658, Laws of Florida, known as the 1931 Chancery Act, which in effect

provides that in all suits affecting property held in trust, when the Trustee is authorized to sell and transact other business pertaining to the trust, as is the case here, he may also represent the beneficiaries in any litigation against the estate, though the beneficiaries may at the instance of the Court, be made parties to the cause.

On the question of interpretation, the court below was in error. So far as the record discloses, the testator was possessed of nothing but personal property at the time of his death. An inspection of item eight of the will, discloses that he devised all the rest and residue of his personal property to Harriet M. Sternberg. By item nine, he created and bequeathed a trust estate of "all the rest and residue of my estate and effect whatever kind, character or nature and wherever situated, real, personal and mixed of which I may be possessed, to which I may be entitled, and of which I may have the power to dispose at the time of my death, to Harriet M. Sternberg for life, remainder to her children."

The Chancellor took the view that items eight and nine of the will were in irreconcilable conflict and by the well approved Canon of Construction, if there be a repugnancy, "the first words in a deed and the last words in a will shall prevail," held item nine effective, and item eight ineffective. Appellee asserts that this holding was grounded on Rowland v. Miller, 81 Fla. 408, 88 So. 263, and relies on this case to uphold its contention.

In Rowland v. Miller, this Court was concerned with a will devising one lot on which was located a store building in St. Petersburg, Fla., the will containing two conflicting provisions very similar to the provisions of items eight and nine of the will under review. Under such circumstances the Court could do nothing but apply the rule as stated in this case.

In the case at bar we are confronted with a will which after bequeathing six cash legacies, devises, by item eight, "all the rest and residue of my personal property to my niece, Harriet M. Sternberg," and then by item nine creates a trust estate from all the rest and residue of the testator's estate and provides how it shall be executed. The instant will was executed about four years prior to the death of the testator and as heretofore stated, it developed that he was possessed of no property other than personalty, for distribution at that time, and this was disposed of by item eight.

In Rowland v. Miller, we approved the rule that the last provision of a will should be given effect when it is in irreconcilable conflict with some other provision, and the two provisions refer to the same subject matter, but we also held that two such provisions must be so construed and harmonized so as to give effect to the intention of the testator if possible. If it becomes necessary to reject the first, this should be done only so far as is necessary to give effect to the latter.

This Court has repeatedly held that the Cardinal rule for construing a will is to give effect to the intent of the testator if not in conflict with some well settled principle of law or public policy. To this rule all others must bend, including that announced in Rowland v. Miller, and it should under no circumstances be departed from, where possible to apply it.

A will becomes effective as of the date of the testator's death. While the record does not disclose, we may assume that at the time the will under review was executed, the testator was possessed of both real estate and personal property or anticipated such an estate at the time of his death, as he executed his will to effect both, but it resulted that he was possessed of only personal property at that

time and item eight disposed of the remainder of that, leaving nothing for item nine to effect. The mere fact of having no remainder to dispose of is not sufficient reason for invoking the rule in Rowland v. Miller, *supra,* to effectuate item nine when the intent of the testator can be effectuated by executing item eight.

In Rowland v. Miller, the will involved, disposed of a single piece of real estate, and had no other estate in contemplation, but here we have a will contemplating and disposing of real estate and personal property. The terms of the will creating the trust are clear that the testator had an estate of realty in contemplation and that through its management one of both realty and personalty might be created. Item nine is expressed in the future tense and was designed to dispose of such an estate if brought into existence.

It follows that the judgment below must be and is hereby reversed.

Reversed.

Davis, C. J., and Whitfield, Ellis and Buford, J. J., concur.