**IN RE: ESTATE OF GEORGE E. McMILLAN**

MABEL JANE McMILLAN v. UNION TRUST COMPANY, a corporation, as Executor and Trustee under the Will of GEORGE E. McMILLAN, Deceased, et al.

30 So. (2nd) 534                                        January Term, 1947
May 16, 1947                                            Special Division B

*Frank M. Harris, Harold A. Kooman, Harris & Kooman* and *B. K. Roberts,* for appellant.

*Moreland E. Maddox* for Union Trust Company, as Executor and Trustee under the will of George E. McMillan, deceased, L. P. Hardee, Guardian Ad Litem for all unknown Contingent Beneficiaries under paragraph five of the Will of George E. McMillian, deceased, *Howell, McCarthy, Lane & Howell* and *Godfrey & Corcoran* (Toronto, Canada), for Vida Lois McMillan and Alice Grace McMillan, appellees.

KANNER, Associate Justice:

George E. McMillan died testate. The widow elected to take dower in lieu of the share of the estate bequeathed to her. Thereafter she sought to charge the estate with the payment of Federal and Florida estate taxes, contending that the terms of the will exempted the dower estate from such tax liability. The County Judge ruled against this contention. This ruling was affirmed by the Circuit Court, and this appeal is from the Circuit Court order of affirmance.

The appellant relies upon the provisions contained in Paragraph II of the will to sustain her contention. Such paragraph reads as follows:

"I direct that all inheritance and estate taxes becoming due by reason of my death shall be paid by my Executor out of the property passing under this Will as an expense and cost of administering my estate, and before distribution thereof, if possible. My Executor shall have no duty or obligation to obtain reimbursement for any such tax paid by it even though on proceeds of insurance or other property not passing under this Will."

The appellant urges that the foregoing testamentary direction requiring all estate taxes to be paid "out of the property passing under this Will as an expense and cost of administering my estate" does not subject the dower to estate taxes, for the reason that dower cannot possibly be considered as property passing under the will.

The estate is appraised at approximately the value of $550,-000.00, and it is estimated that the estate taxes involved are about $50,000.00. The Florida rule is that the widow cannot take dower and also take under the will. Obviously, if the

dower is relieved of the estate tax liability, the payment must come out of the corpus of the estate.

In the case of Murphy v. Murphy, 125 Fla. 855, 770 So. 856, the will provided:

"Tenth. I direct that all Federal and State inheritance, transfer, estate, succession, legacy, death and other taxes and expenses in connection with the administration of my estate be paid out of my residuary estate."

It is to be noted that the estate taxes were specifically directed to be paid out of the residuary estate. This Court held that the widow, Murphy, having dissented from the will and having elected to take dower, was not entitled to receive her dower free from estate taxes.

The dower statute under which the Murphy case was decided was Section 5494, C.G.L. 1927, which provided that dower shall be "free from all liability for debts of the decedent." There was no mention of estate taxes in such statute, whereas the present dower statute specifically designates estate taxes. It provides that "dower shall be free from liability for all debts of decedent and all costs, charges and expenses of administration, but her dower shall be ratably liable with the remainder of the estate for its proportionate share of the estate and inheritance taxes due by the estate of her deceased husband." 731.34 F.S. 1941, as amended.

Further, it may be observed that the legislative history on the subject of whether or not dower should be relieved from estate and inheritance taxes discloses that by Chapter 16103, Acts 1933, Section 35, dower was relieved from liability for such taxes. Such provision was continued by Chapter 17171, Acts 1935, Section 1, also by Chapter 18066, Acts 1937, Section 1, and then changed by Chapter 18999, Acts of 1939, Section 1, making dower ratably liable with the remainder of the estate for the estate taxes. This change was continued in Section 731.34, F.S. 1941, and in the present statute, 731.34, as amended. The present dower statute governs the particular situation here involved.

Aside from the construction of Paragraph II, as applied to the dower statute, there is the construction to be placed upon that provision of Paragraph X, as it relates to Paragraph II

and the will in its entirety. The provision of Paragraph X reads as follows:

"Should any person or persons named herein take any claim under the Statutes or Constitution of the State of Florida or any other state adverse to the provisions of this will, whether of homestead, dower, or as an heir at law, such person or persons shall receive no part of my estate under the terms of this will and his or her bequest or beneficial interest in my trust estate shall be distributed or paid to the person or persons that would be entitled thereto had he or she predeceased me."

Under the terms of the will the appellant would have received one-third of the estate remaining after payment of administration costs, estate taxes, and $9,500.00 monetary legacies, and she would have to live twenty years to receive this share, since only 5% of the principal of her share was to be paid annually, while by electing to take dower, she would receive one-third of the estate at once, free from contribution for the payment of administration expenses and the legacies. It was, therefore, a benefit to her to elect to take dower. The Paragraph X clearly says if the widow should claim her dower then she "shall receive no part of my estate under the terms of the will." The testator had a right to and could anticipate such a contingency by a forfeiture clause as he inserted in Paragraph X of his will.

"The rule of construction of wills is that if there is an irreconcilable conflict between two clauses of a will the latter clause will prevail as being the last expression of the testator's intention where the classes refer to the same subject-matter, but this rule also requires that the two clauses be so construed as to harmonize them if possible and give effect to each, rejecting the first only so far as is necessary to give effect to the latter." Rowland v. Miller, 81 Fla. 408, 88 So. 263; Sternberg v. Florida National Bank, 114 Fla. 580, 154 So. 844. The provisions of Paragraph II and X cannot be harmonized. The manifest intention of the testator appears to be that, if the widow elected to take dower, such dower estate should pay its proportionate part of the estate taxes.

The judgment of the Circuit Court is hereby affirmed.

THOMAS, C. J., BUFORD and ADAMS, JJ., concur.