HOBSON, Justice.
This is an appeal from a final decree in' chancery in favor of appellee,' Effie S. Smith, on a petition which she filed in the circuit court for construction of the will of her deceased husband, Winfred L. Smith. As respondents, the petition named legatees and remaindermen under certain paragraphs of the will, and Jacob Levy, as fiduciary of the trust estate created under the will. These respondents are appellants here. Appellee in her petition prayed for an order decreeing that she is the sole and absolute owner of the testamentary trust estate, while appellants in their answers to the petition contended, and still contend, that under a true construction of the will the-trust established therein was intended by the testator to continue until two years after the death of the widow, Effie S. Smith.
After a hearing on a motion filed by ap-pellee for a decree upon the petition and answers filed thereto, the chancellor entered 'his final decree, holding that the trust estate terminated upon the death of the sur-. vivor of the two trustees, John L. Young and Harold D. Stevenson, , and ordering that the principal and income of the trust be paid over to Effie S'. Smith.
The following facts are undisputed: The testator died, survived by his widow, Effie S. Smith. The will provided for a trust, which was duly set up, and John L. Young and Harold D. Stevenson qualified as trustees. Young died on October 18, 1950 and appellant Jacob Levy was appointed as co-trustee on April 9, 1953. On May 23, 1953, Stevenson died. Effie S. Smith survives.
A brief comparison of the terms of Paragraph Fifth and Paragraph Sixth of the. will of Winfred L. Smith will disclose the source of this litigation. Paragraph Fifth provides that upon the death of the survivor of the trustees, Young and Stevenson, the trust shall terminate and the principal shall be paid to Effie S. Smith “to be her property absolutely”, and if Effie S. Smith is not living at the time of the death of the survivor of Young and Stevenson, then the principal shall be paid to specified legatees,' with the balance of the principal payable to certain named persons. Paragraph Sixth, however, provides that if Effie S. Smith survives the testator, then at the end of two years *688 after her death, or if Effie S. Smith does not survive the testator, then at the end of two years after testator’s' death, “anything hereinbefore provided notwithstanding", the income and principal shall be paid to specified legatees (the same legatees mentioned in Paragraph Fifth, and in the same amounts) with remainder to specified persons (some of whom are the same remain-dermen named in Paragraph Fifth).
It is a fundamental rule of construction that when there is an irreconcilable conflict between two clauses of a will pertaining to the same subject matter, the latter clause will prevail as being an expression of the testator’s intention, In re McMillan’s Estate, 158 Fla. 898, 30 So.2d 534; Smith v. Bell, 6 Pet. 68, 8 L.Ed. 322; 57 Am.Jur., Wills, Sec. 1128, p. 722. If only Paragraphs Fifth and Sixth were involved, we might find the conflict irreconcilable and dispose of the case without further investigation. It' is equally fundamental, however, that every effort must be made to harmonize apparently inconsistent provisions of a will, and to this end the entire will must be examined. Adams v. Vidal, Fla., 60 So.2d 545; Rowland v. Miller, 81 Fla. 408, 88 So. 263; 57 Am.Jur., Wills, Sec. 1129, pp. 723, 724.
The chancellor’s examination of the entire will convinced him that the testator intended that the trust should in no event extend beyond the death of the survivor of the two named trustees, Young and Stevenson. Appellants contend that this construction was in error, that the two paragraphs above alluded to are irreconcilable under the state of facts now existing, and that the latter paragraph should be controlling.
Paragraph First of the will pertains to funeral expenses and taxes. In Paragraph Second, the testator gives certain personal effects to his widow. Paragraph Third.has some bearing on the problem before us, for therein the testator gives his widow a life estate in certain. Florida realty which he owns. In Paragraph Fourth, he leaves the remainder of, his property to the trustees, in trust, “to receive, manage, cgre for and preserve * * * during the lives of John L. Young and Harold D. Stevenson, or the survivor of them, unless said Trust be sooner terminated as hereinafter provided * * This language plainly contemplates that the ultimate duration of the trust will be measured by the life of the survivor of Young and Stevenson,- unless the trust is “sooner terminated”, which could occur with the happening of either contingency set forth in Paragraph Sixth during the lifetime of Young or Stevenson. But, as will later appear, Paragraph Sixth clearly requires another measuring life for the trust, that of Effie, S. Smith, while the quoted portion of Paragraph Fourth does not specifically cover the contingency which actually occurred, namely, survival by the widow beyond the lives of Young and Stevenson.
Paragraph Fourth goes on to authorize minimum payments of $7500 per year to Effie S. Smith for life, and payments in greater amount out of any balance of income remaining after other specified bequests are met. These bequests are stated, and certain contingencies are provided for.
Paragraph Fifth contains the provisions referred to earlier in .this opinion, and states that if Effie S. Smith is not living- at the time of the death of the survivor of Young and Stevenson, the principal of the trust is bequeathed to fifteen named legatees in specific amounts, with the balance in equal, shares to named remaindermen.
Paragraph Sixth makes the provisions we have given above, and provides that on the termination of the trust in accordance therewith the first charge against the principal and income thereof will be in favor of the same fifteen specific legatees named in Paragraph Fifth, and in the same amounts. It then makes provision, which we shall note hereinafter, for certain intervening remaindermen, and finally provides for the same remaindermen named in Paragraph Fifth, save one, who is, under Paragraph Sixth, an “intervening” remainderman.
The portion of Paragraph Sixth which concerns those persons we have chosen to. call “intervening remaindermen” is as follows:
*689 “If, as and when my said Trustees have made the payments to the persons then living as above provided, then said Trust shall terminate and the remaining principal and income of said Trust Fund shall be paid: 55% thereof to John L. Young; 30% thereof to Harold D. Stevenson,'and 15% thereof to John Nelson Emory. If said Harold D. Stevenson or John Nelson Emory shall not then be living, then their share shall be paid to John L. Young. If John L. Young is not then living, then all of 'his share of the said Trust Fund shall be paid to my following nieces then living in equal shares, viz. (Here follow the names of the ultimate remaindermen.)
This language clearly contemplates the trust having continued ibeyond the death of both Young and Stevenson, since it envisages and provides for a plan of distribution in the event of the death of either or both of them, and forms an integrated part of a paragraph which.provides for the termination of the trust two years after the end of the third measuring life, that of Effie S. Smith, “anything hereinbefore provided notwithstanding”. We are therefore of the opinion that under the present state of facts it was the intention of the testator to provide for his widow for her life and to preserve intact the other specific bequests, and interests of remaindermen, which he had indicated. In reaching this conclusion, we do not lightly treat the phrase in Paragraph Fifth,, “to be her property absolutely”, but a review of the testamentary plan evidenced by the whole will1 has .convinced us that the testator intended, by language elsewhere contained therein; to limit the operation of these - words. See the opinion of Chief Justice Marshall in Smith v. Bell, supra, 6 Pet. 68, 8 L.Ed. 322.
We hold that the testamentary trust did not terminate with the death of Harold D. Stevenson on May 23, 1953, and will not terminate until two years after the death of Effie S. Smith. It follows that the final decree from which this appeal is taken must be reversed and the cause remanded for further proceedings in conformity with this opinion.
Reversed and remanded.
ROBERTS, C. J., and THOMAS and DREW, JJ., concur.