180 So.2d 167 (1965)
In re ESTATE of Frank C. ROGERS, Deceased.
Mable Irene ROGERS, Appellant,
v.
FIRST NATIONAL BANK IN FORT LAUDERDALE, as Co-Executor of the Estate of Frank C. Rogers, Deceased, and Welcom H. Watson, as Guardian Ad Litem for Donna May Rogers, a minor, Appellees.
No. 5490.
District Court of Appeal of Florida. Second District.
September 28, 1965.
Rehearing Denied November 23, 1965.
*168 Walter J. McAloon, Boca Raton, for appellant.
Fleming, O'Bryan & Fleming, Fort Lauderdale, for appellee First Nat. Bank in Fort Lauderdale.
Watson, Hubert & Sousley, Fort Lauderdale, for appellee Welcom H. Watson.
BARNS, PAUL D., Associate Judge.
This cause arose on the Petition for Construction of the Will of decedent, FRANK C. ROGERS, filed in the County Judge's Court by the FIRST NATIONAL BANK IN FORT LAUDERDALE as Co-Executor. *169 The adverse parties in interest are the widow of decedent, MABLE IRENE ROGERS, and the minor daughter of the marriage, DONNA MAY ROGERS, by her Guardian Ad Litem, WELCOM H. WATSON. Answers were filed by the respective parties; and after hearing, the Court entered its Order Construing Will and from this Order the widow, MABLE IRENE ROGERS, appeals. We find error and reverse.
The pertinent paragraphs of the Will are as follows:
"ARTICLE III.
"I give, devise and bequeath to my daughter, Donna May Rogers, one certain diamond bracelet wristwatch, which was my mother's, to be hers absolutely and to be delivered to her as soon as possible after my demise. And I also give to her one certain diamond ring, the diamond set in my Shrine ring, which I habitually wear. This to be hers absolutely and to be delivered as soon as convenient after my demise.
"ARTICLE IV.
"I give, devise and bequeath to my daughter, Donna May Rogers, all the stock of which I die possessed in The Rogers Galvanizing Company, Inc., to be hers absolutely, subject, however, to the sales agreement under which I hold the stock.
* * * * * *
"ARTICLE VI.
"All the rest and remainder of my estate of every kind and character, wherever located, whether real, personal or mixed, I direct shall be divided into two parts and bequeathed as follows:
"I give, devise and bequeath to my beloved wife, Mabel Irene Rogers, a full undivided one-half (1/2) of all my residuary estate, computing that so she will have that full proportion of my estate that will entitle said estate to the full marital deduction. It being my intention that the watch and ring and stock which are specifically bequeathed to my daughter shall be computed in my gross residuary estate before the amount provided herein to go to my wife shall be calculated.
"I give, devise and bequeath to my daughter, Donna May Rogers, the one-half (1/2), or less than one-half (1/2), that may remain after the computation and payment to my wife of her full undivided one-half (1/2) of my estate."
The specific bequests to the daughter, Donna May Rogers, in Articles III and IV of the Will comprise more than ninety (90%) per cent of the assets of the estate, which is inventoried at a total value of $119,410.00. The lower court found that the specific bequests of an appraised value of $104,600.00 took priority over the residuary clause of the Will found in Article VI. No testimony was taken; hence, the lower court had no advantage over this court as to the testator's intent as evidenced by his Last Will and Testament. The "clearly erroneous" doctrine has no application under such circumstances.
It is evident that if the specific bequest to Donna May Rogers prevails having a value of over ninety (90%) per cent of the value distributable estate, then the widow would not receive "a full one-half (1/2) of my [testator's] estate" and the widow would not receive such a share of the estate as "will entitle said estate to the full marital deduction" for Federal Estate Tax purposes.
It seems clear that for the daughter to receive ninety (90%) per cent of the distributable estate would frustrate the estate being able to reduce the tax base to the fullest potential extent permissible under the law. The Internal Revenue Code 26 U.S.C.A., Section 2056, provides that "* * *170 the value of any interest in property which passes or has passed from a decedent to his surviving spouse * * *", (not exceeding 50% of the adjusted gross estate value) is deductible in arriving at the basis for estate tax purposes.
If the specific bequests of the ring, diamond bracelet wristwatch and stock are to prevail over the residuary Article VI, the result would be that the widow would receive the balance of the estate after payment of administrative expenses and federal estate taxes and debts which would be much less than half of the "gross residuary estate" calculated pursuant to the formula set forth in Article VI.
It is our conclusion that Article VI must prevail over the specific bequest of the watch, ring and stock to the daughter by Articles III and IV of the Will for the reasons hereinafter given. The Testator's intent is the guiding and dominating factor in the construction of a Will; as stated, per Chief Justice Marshall in Smith v. Bell, 6 Pet. 68, 8 L.Ed. 322:
"The first and great rule in the exposition of wills, to which all other rules must bend, is, that the intention of the testator expressed in his will shall prevail, provided it be consistent with the rules of law. Doug. 322; 1 Black. Rep. 672. This principle is generally asserted in the construction of every testamentary disposition. It is emphatically the will of the person who makes it, and is defined to be `the legal declaration of a man's intentions, which he wills to be performed after his death.' 2 Black.Com. 499. These intentions are to be collected from his words, and ought to be carried into effect if they be consistent with law.
"In the construction of ambiguous expressions, the situation of the parties may very properly be taken into view. The ties which connect the testator with his legatees, the affection subsisting between them, the motives which may reasonably be supposed to operate with him, and to influence him in the disposition of his property, are all entitled to consideration in expounding doubtful words, and ascertaining the meaning in which the testator used them."
Every effort should be made to harmonize apparently inconsistent provisions of a will so as to give effect to all its provisions; but when the conflicts pertaining to the same subject matter are irreconcilable, the latter clause will usually be taken as the testator's intent, as stated in In re Smith's Estate, Fla., 75 So.2d 686:
"It is a fundamental rule of construction that when there is an irreconcilable conflict between two clauses of a will pertaining to the same subject matter, the latter clause will prevail as being an expression of the testator's intention, In re McMillan's Estate, 158 Fla. 898, 30 So.2d 534; Smith v. Bell, 6 Pet. 68, 8 L.Ed. 322; 57 Am.Jur., Wills, Sec. 1128, p. 722. * * * It is equally fundamental, however, that every effort must be made to harmonize apparently inconsistent provisions of a will, and to this end the entire will must be examined. Adams v. Vidal, Fla., 60 So.2d 545; Rowland v. Miller, 81 Fla. 408, 88 So. 263; 57 Am.Jur., Wills, Sec. 1129, pp. 723, 724."
And, as more fully stated in Thomas' Florida Estate Practice Guide, pp. 16-38, § 31:
"As previously pointed out, where there are repugnant or contradictory provisions in a will that cannot be reconciled, the later provision will control. This rule applies only in case of necessity and only when the later clause cannot be reconciled with the earlier one. It is well established that a later clause in a will must be deemed to affirm and not to contradict an earlier clause, if such construction can fairly be given. When an interest is clearly *171 and expressly conveyed by one clause of a will, the devise or bequest will not be considered taken away or diminished by subsequent words unless they are equally clear and decisive of the testator's intention. The theory for this holding is to the effect that where a testator positively makes a devise or bequest, there can be no intent in his mind to take it away or cut it down. An absolute gift of a property interest cannot be cut down by subsequent provisions unless words are used which are as clear and decisive as the words making the conveyance."
The surviving spouse is a favorite of the law in the construction of a will (95 C.J.S. Wills § 617, p. 848; 1 Thomas' Florida Estate Practice Guide, pp. 16-42, § 34 [2]); Article VI of the Will expressly recognizes the specific bequest to the daughter of the watch, diamond and stock, but bequeaths to the wife "a full undivided one-half (1/2) of all my residuary estate, computing that so she will have the full proportion of my estate that will entitle said estate to the full marital deduction." The term "marital deduction" clearly has reference to marital deductions used in lowering in amount the basic value upon which federal estate taxes are computed. One of the testator's purposes was to save taxes to the estate so that the distributable estate would be as much as obtainable under the law. If nothing more had been added, our problem would have been more difficult; but the testator went further and provided a formula for determining the "full one-half (1/2) of all my residuary estate;" he states that "the watch, ring and stock which are specifically bequeathed to my daughter shall be computed in my gross residuary estate before the amount provided herein to go to my wife shall be calculated;" and then he bequeaths to his daughter "the one-half (1/2), or less than one-half (1/2), that may remain after the computation and payment to my wife of her full undivided one-half (1/2) of my estate."
When the entire Will is considered from its four corners, it is our conclusion that it was the testator's intent, as expressed by his Will, that his wife take a full undivided one-half (1/2) of the estate calculated so as to allow the estate to take full marital deductions as are permissible under the federal estate tax laws.
Reversed.
SHANNON, Acting C.J., and SMITH, J., concur.

ON PETITION FOR REHEARING
PER CURIAM.
The appellant widow petitions for rehearing by questioning whether or not the effect of our decision is to award the widow one-half of the assets of the decedent coming in the hands of the executor for administration. Such a result was not intended. The net result of our decision is that in construing the will as a whole it was the intent and purpose of the testator to make what is commonly known as a marital deduction bequest to his wife. A marital deduction bequest in a will is a bequest of that portion of the estate determined by deducting from the value of the adjusted gross estate an amount equal to the value of any interest in property which passes or has passed from the decedent to his surviving spouse but only to the extent that such interest is included in determining the value of the gross estate subject to certain limitations in case of terminable interest, community property and disclaimers and with the provision that the aggregate amount of the marital deduction shall not exceed 50% of the value of the adjusted gross estate, all as defined in 26 U.S.C.A. § 2056. For example, using the figures submitted on petition for rehearing, without determining that they are accurate, the decedent's total gross estate is $169,810.25; debts and expenses are $24,619.51, leaving an adjusted *172 gross estate of $145,190.74. The maximum marital deduction is one-half of the adjusted gross estate, to-wit, $72,595.37. The property jointly owned by the testator and his wife passing to her by right of survivorship is $46,282.11. This latter amount is then subtracted from the maximum marital deduction, leaving a net of $26,313.26, which is the dollar amount of the portion of the testator's estate bequeathed to the wife. Thus, the total of the bequest and the total of the jointly owned property is $72,595.37, the maximum amount of the marital deduction. This example does not take into account any estate taxes which might be payable out of or chargeable against the property interest transferred to the wife. In making distribution of the bequest to the wife the specific bequest to the daughter should, insofar as it is possible to do so, be excluded from the assets distributed to the wife to carry out the remaining intent of the testator.
The petition for rehearing is denied.
SHANNON, A.C.J., and SMITH, J., concur.
BARNS, PAUL D., Associate Judge, dissents with opinion.
BARNS, PAUL, D., Associate Judge (dissenting).
Mable Irene Rogers, widow of the decedent, petitions for a rehearing to secure the Court's construction and interpretation of the last paragraph of the Court's Opinion heretofore filed. The petitioner states that the parties are in disagreement as to whether the word "estate" as found in Article VI of the will refers to the probated estate or the adjusted gross estate for tax purposes. The petitioner states:
"1. The Federal Estate Tax return for this estate was filed with the Revenue Department while this case was pending on appeal and the return shows the following:

 a) Probate Estate $123,528.14
 b) Property passing to
 widow dehors the will
 consisting of a co-operative
 apartment residence,
 miscellaneous property
 and insurance 46,282.11
 c) Gross Estate for tax 169,810.25
 d) Debts and Expenses 24,619.51
 e) Adjusted Gross estate 145,190.74
 f) Marital deduction 72,595.37"

One question presented by petitioner is whether the widow's distributive share is to be credited with the value of the taxable property passing to the widow dehors the will, viz., $46,282.11. If the testator had so desired, he could have so provided by his will. It is a cardinal rule that in construing wills the courts will not construe a will beyond its plain meaning, and provisions of a will for the benefit of a wife will be liberally construed in her favor. It is my conclusion that the testator's devise and bequest to his widow should be determined by taking the probated estate as a base without being modified by property passing to her dehors the will. In re Reben's Will, Sur., 115 N.Y.S.2d 228.
The petitioner takes under the will, through the residuary clause (Article VI), and in the absence of any other controlling factors her share, when the calculation is confined to the facts above recited, would be as follows:

 Probate Estate $123,528.14
 Debts and Expenses of
 Administration 24,619.51
 ___________
 $ 98,908.63
 One-half to the widow $ 49,454.31

*173 Unlike the will in King v. Citizens & Southern National Bank of Atlanta, Georgia, Fla.App., 103 So.2d 689, the testator did not provide that the bequest should be calculated on a basis of fifty (50%) per cent of his adjusted gross estate as defined for federal estate tax purposes.