SUAREZ, J.
 

 David Chin appeals an order from the trial court granting a life estate to Mary Chin. We affirm as the unambiguous language of the Will of Adolph Chin granted to Mary Chin a life estate in the property at issue.
 

 On April 12,1989, Adolph Chin drafted a Will in Jamaica. When he died in 1997, he co-owned property in Miami-Dade County as tenants in common with his sister, Mary Chin. Adolph and Mary both lived on this property. David Chin, Adolph’s son, was named personal representative of Adolph’s estate.
 

 On February 13, 2002, the lower court entered an Order of Summary Administration that transferred to David an immediate half interest in the Dade County property. Subsequently, David filed suit against Mary Chin to partition the subject property and force its sale.
 

 The trial court ordered the partition action stayed to provide Mary with an opportunity to re-open Administration and have her rights to the subject property recognized. The lower court found that David, as the personal representative, failed to comply with Florida Statutes, section 733.212(l)(b)(2008), where David neglected to provide Mary with notice of the original Order of Summary Administration or with notice that she was a beneficiary under Adolph’s Will. After hearing all the facts and considering the applicable law, the probate judge concluded that pursuant to paragraph seven of the Will, Mary Chin was given a life estate in the subject property by her deceased brother, Adolph, and entered an Amended Order of Summary Administration. David Chin appealed.
 

 Paragraph seven of the Will states:
 

 I direct that property held by me in co-ownership with my brother the said Earl Anthony Chin and with my sister, Mary Victoria Chin, shall not be sold as long as my said brother or sister desires to occupy same.
 

 David Chin argues that paragraph seven only applies to property which was co-owned by Adolph, Earl, and Mary concurrently. Mary argues that Adolph devised a life estate to each sibling with whom he co-owned property. If a court finds the language of a will ambiguous, “[t]he Testator’s intent is the guiding and dominating factor in the construction of a Will.”
 
 See In re Roger’s Estate,
 
 180 So.2d 167, 170 (1965). When interpreting ambiguous provisions of a will, courts may look upon the situation of the parties, such as ties and affection between the testator and his or her legatees.
 
 Id.
 

 On de novo review, we agree with the trial court’s finding that paragraph seven grants a life estate to Mary Chin. Adolph shared a separate residence with each sibling. The trial court found this to be strong evidence that he did not have the intent to dispossess his siblings of their homes after his death. Additionally, to construe paragraph seven to apply only if there were co-ownership of property by all three individuals asks the Court to adopt the notion that Adolph Chin inserted a restriction into his Will with full knowledge that it had no meaning. This Court simply cannot adopt this explanation.
 

 Thus, we agree with the lower court that Mary Chin has a life estate in the property and we affirm the lower court’s Amended Order of Summary Administration.
 

 Affirmed.