In the Matter of the Estate of EDWARD MURDOCH, Deceased.

Surrogate's Court, Kings County, December 15, 1931.

*Wingate & Cullen* [*Miles F. McDonald* of counsel], for the petitioner.

*Arthur A. Michell*, for the respondent.

*Chauncey H. Levy*, special guardian.

WINGATE, S.   This judicial settlement of the accounts of executors presents two questions for decision.   The first concerns the validity and proper recipient of a legacy given by the residuary item of the will to " Royal Infirmary at Nottingham, England." It has been made to appear that there is no institution of this name in the city specified.   Seven infirmaries and hospitals are there located, all of which, except the Nottingham General Hospital, have filed disclaimers herein.   It has been further demonstrated that the decedent was especially interested in the Nottingham General Hospital by reason of the fact that his wife was for some time a patient, and died, there.   This institution has also been shown to be a charitable corporation which has been extensively and, so far as this city is concerned, exclusively patronized by royalty.   Under the circumstances, the court concurs in the recommendation of all parties, including the special guardian for missing next of kin, that the legacy should be paid to it.   (*Matter of Patterson*, 139 Misc. 872, 875, and cases cited.)

The second and more interesting problem relates to the disposition to be made of the sum in the hands of the executors representing the discount upon the estate tax which was allowed by the State Tax Commission, pursuant to the provisions of section 249-z of the Tax Law (added by Laws of 1930, chap. 710) by reason of its payment prior to the time when it was legally due.

This section provides that if a tax is paid within six months from the date of death, a discount of five per cent shall be allowed and deducted from the total assessment.   In the present case, the executors made this prepayment, and became entitled to, and received, the rebate.   The question now arises as to whether this

sum shall accrue to the benefit of the residuary legatee, which is a tax exempt charity, or shall be prorated among the general legatees, who are subject to tax. The solution of the problem requires a construction of section 124 of the Decedent Estate Law (added by Laws of 1930, chap. 709), which took effect on September 1, 1930.

A direction of this section is that the " amount of the tax so paid, * * * shall be equitably prorated among the persons interested in the estate to whom such property is or may be transferred or to whom any benefit accrues." This enactment was one of the amendments to the law effected pursuant to the recommendations of the Commission appointed to investigate the defects in the laws of estates. To it is appended an illuminating and rather lengthy note as to the purpose of the proposed law. The text of the propounded statute and the note appear at pages 225 to 227 of Legislative Documents (1930), No. 69. Since this note was before the Legislature at the time of the enactment of the law, it is obvious that a consideration of the views of the committee as stated therein is proper in determining the legislative purpose in the enactment. (*Matter of Gellis*, 141 Misc. 432, 440, 441; *Matter of Mihlman*, 140 id. 535, 536, 537; *Matter of Apple*, FOLEY, S., 141 id. 380, 383; *Matter of Greenberg*, Id. 874.) It will be seen from this annotation that the object contemplated was to reverse the harsh and unjust rule which is applied in connection with the payment of the similar Federal estate tax, whereby the entire burden of the tax is imposed upon the residuary legatees; and affirmatively to provide that those receiving distributive shares of the estate property should bear that proportion of the tax assessable against the estate as a whole, which their respective benefits therefrom equitably require.

Where, as in the case at bar, all benefits conferred by the will, prior to the gift of the residue, are general legacies which are payable only after the completion of the period of administration, it is obvious that if the discount for prepayment of the tax assessed against the estate be held to accrue to the benefit of the general legatees, it would, in effect, alter the rule that a general legatee is entitled to no return upon his legacy until the date when it becomes payable. (*Matter of Harned*, 140 Misc. 151, 153; *Matter of Berbling*, 134 id. 730, 731; *Matter of Burroughs*, 137 id. 844, 852; *Matter of Meyer*, 140 id. 1; *Matter of Jackson*, 138 id. 167, 176.) It would also, in all cases where prepayment of the tax was made, result in depriving the residuary legatee of a portion of the income earned by the estate during the period of administration, which would be his if the tax were not paid until legally due. A concurrent result would be to place it in the power of an estate fiduciary, by making

or failing to make prepayment of the tax, to favor a general legatee at the expense of a residuary legatee, or *vice versa*.

It is entirely apparent from a reading of the note that any such far-reaching result was remote from the contemplation either of the Commission or the Legislature.

A just solution appears to be obtainable by a stressing of the word " equitably " in the portion of section 124 above quoted. In a case like the present, this would result in the prorating among the general legatees of the entire face amount of the tax assessed against the estate, with the effect that the discount for prepayment would accrue to the benefit of the residuary estate which would have been entitled to the income earned during the administrative period on the sum expended, had payment not been made until the tax was actually due. In the opinion of the court, this construction should be adopted.

It will be noted that, under the facts of the case at bar, none of the benefits in the will, prior to the residuary bequest, carries income from the date of the decease. Where any beneficiary is entitled by the terms of the testamentary instrument or by rule of law to income during the administrative period, it would unquestionably be necessary, in effecting an equitable distribution of the discount, to take into consideration the rights of such beneficiary as well as those of the residuary legatee.

Proceed accordingly.