103 So.2d 689 (1958)
Beulah McCollum KING and Jackson L. King, as executors of the Last Will and Testament of Rufus DeWitt King, Deceased, Appellants,
v.
The CITIZENS AND SOUTHERN NATIONAL BANK OF ATLANTA, GA., as Trustee, Appellee.
No. 57-140.
District Court of Appeal of Florida. Third District.
May 27, 1958.
Rehearing Denied July 1, 1958.
Wilson Trammell and G.C. Concur, Miami, for appellants.
Redfearn, Ferrell & Simon, Miami, for appellee.
CARROLL, CHAS., Chief Judge.
This appeal is from a decision of the Circuit Court of Dade County affirming in part and reversing in part an order of the county judge's court construing certain provisions of a will.
The appeal to the circuit court was filed prior to July 1, 1957, the effective date of revised Article V of the Constitution of the State of Florida, under which a first appeal of the probate order to the circuit court would not be authorized, and the appeal would lie direct to this court (Art. V, § 5 of the Constitution, F.S.A.). Because of its earlier filing, the two consecutive appeals were allowed. See Art. V, § 11 of the Constitution before such revision, and §§ 732.16 and 732.19, Fla. Stat., F.S.A.
The matter in dispute, the contentions of the parties and the principles involved are set out in the opinion order made by the able Circuit Judge, the Honorable Pat Cannon, who obviously gave thorough consideration to this record, and after hearing the arguments of counsel, determined the appeal as follows:

*690 "This appeal is concerned with the interpretation of the last will and testament of Rufus DeWitt King, deceased.
"The sole issue here is whether the probate judge properly interpreted the will by stating that by virtue of Article Third of said will it was the intention of the testator to bequeath to his widow, Beulah McCollum King, a fractional part of the assets of his testamentary estate equivalent as of the date of his death to fifty (50%) per cent of his adjusted gross estate, as the same is defined for Federal estate purposes, before deduction of estate or inheritance taxes, which bequest is not subject to being reduced by property constituting a part of the gross estate of the decedent for estate tax purposes which passed to the said Beulah McCollum King dehors or outside of said will; and by reason of said bequest being a bequest of a fractional part of said estate, it is entitled or obligated to share in the economic gain or loss in such fractional part of such assets during the course of the administration of said estate, and is also entitled to share in the income on the assets of said estate in the proportion that her fractional share of said estate bears to the total of such income.
"The appellant is the trustee under the will and the appellees are the executors under the will.
"Mr. King's will disposed of his estate in eight (8) paragraphs, but the sole paragraph with which we are concerned reads as follows:
"`Third. I devise and bequeath unto my beloved wife, Beulah McCollum King, fifty percentum (50%) of the assets of my estate remaining after payment of administration expenses, funeral expenses, and claims against my estate, before deduction of Estate or Inheritance taxes. It is my intention in the instant paragraph to devise and bequeath unto my said wife fifty percentum (50%) of my adjusted gross estate, as the same is defined for Federal Estate Tax purposes.'
"It is apparent that under said paragraph the two sentences are inconsistent with each other and therefore under Florida Law where two clauses are in irreconcilable conflict the rule of the construction of wills is that the latter clause will prevail as being the last expression of the testator's intention where the clause refers to the same subject matter. See In re McMillan's Estate, Fla. 1947 [158 Fla. 898], 30 So.2d 534.
"It is the contention of the appellant that the interpretation of the will by the county judge of paragraph third under said will gave unto the widow a much larger portion than fifty per cent (50%) of the adjusted gross estate. The appellant further contends that since the widow made no election under the will that the county judge erred in electing for the widow and giving her fifty per cent (50%) of the adjusted gross estate plus all property passed to her dehors the will.
"The assets of the estate used in determining the adjusted gross estate are as follows:

"1. Probate estate ......................................... $512,636.62
"2. Property passing dehors the will but subject to Federal
 Estate Tax ............................................. 479,413.22
"3. Gross Estate ........................................... 992,049.84
"4. Debts and expenses ..................................... 302,654.38
"5. Adjusted Gross Estate .................................. 689,395.46
"6. 50% to widow, marital deduction ........................ 344,697.73
"7. Taxable Estate ......................................... 344,697.73

"The widow received as property passing dehors the will as follows:

*691
 "Home ..................... $92,500.00
 "Insurance ................ 51,000.00
 "Home furniture ........... 1,886.00
 ___________
 "Total $145,386.00

"As stated in 95 C.J.S. [Wills § 617] at page 848, the author states as follows:
"`Surviving Spouse. In the construction of a will a surviving spouse is a favorite of the law. Provisions in a will for the benefit of the testator's widow should be upheld and effectuated as far as reasonably possible, and to this end should be construed liberally in her favor * * *'
"It seems evident that in examining the paragraph third under the will that it was the intention of the testator to grant unto his widow an amount equal to fifty per cent (50%) of his adjusted gross estate as the same is defined for Federal Estate tax purposes. The employment of a formula for the fixing of an amount to which the widow is entitled under the will does not necessarily change its character.
"A gift of personal property is a legacy or bequest. Legacies are of three kinds:
"1. Specific. 2. General. 3. Demonstrative
"A specific legacy is a bequest particularly of a particular thing or a specific part of a testamentary estate so described as to be distinguished from all other property of the same kind. The usual specific legacies are specifically described articles, funds or choses in action.
"A general legacy is a bequest payable out of the testator's personal estate generally and not so given as to amount to a gift of a particular thing distinguished from all others of the same kind.
"A demonstrative legacy is a bequest charged upon a particular fund or property in such a way as to not show an evidence to relieve the general estate from liability for its payment in case the particular fund or property fail.
"The importance in determining under which classification the legacy falls is to determine whether the legacy is entitled to be increased by the rents, interest, or other appreciation of the property being bequeathed.
"Specific legacies are entitled exclusively to the income actually earned by the subject matter of the legacy from and after the date when they are vested.
"A general pecuniary legatee is not entitled to any of the income of the estate earned during the period of administration. See In re Murdock[h]'s Estate, 1931, 142 Misc. 186, 254 N.Y.S. 154.
"In the absence of a provision in the will fixing the time when the general legacy will be due and payable, general legacy is payable out of the corpus of the decedent's estate, if unpaid, from a year after testator's death or such other period as may be fixed by law.
"It is apparent from the reading of the will that the legacy bequeathed to the widow is a general legacy and therefore is not entitled to share in the economic gain or loss of the assets during the course of the administration of the estate and is also not entitled to share in the income on the assets of said estate.
"In the case of In re Reben's will [Sur.], 115 N.Y.S.2d 228, it is stated as follows:
"`The executor contends that by the provisions of subparagraph A of Article "Fourth" of the will, the testator intended to give to his wife a sum equal *692 to one-half of the value of the property required by the provisions of the Internal Revenue Code to be included in the Federal estate tax returns as diminished by allowable debts and administration expenses known as the "adjusted gross estate" regardless of the fact that in addition thereto some of the property included in said return passed to his wife dehors the will.'
continuing, it is stated:
"`The beneficiaries named in the residuary clause of the will urge that the reference to the marital deduction provision of the Internal Revenue Code and the employment of a formula to fix the amount of the gift, manifest an intent to limit the value of the property passing to the wife whether under the will or otherwise to one-half of the "adjusted gross estate". The adoption of the latter suggested construction would require that the value of the property included in the taxable estate under Federal Statutes passing to the wife outside of the will and qualifying for the marital deduction be deducted from the aggregate value of one-half of the "adjusted gross estate"; the result would be the amount of the legacy.'
"It is apparent from examination of the will that the testator made no reference to the property passing outside of the will. If the testator had desired to reduce the testamentary bequest by reason of property passing outside of the will he may have done so by a positive provision that it be reduced, which he failed to do. It is therefore apparent, that the widow is entitled to that amount determined by the formula of fifty per cent (50%) of the adjusted gross estate totaling $344,697.73 which would not be reduced by any amounts or properties received by the widow outside of the will being the house, $92,500.00, the insurance, $51,000.00, and home furniture, $1,886.00, totaling $145,386.00. The widow is entitled to receive the sum of $344,697.73. A general legacy shall bear legal interest until paid from and after the time fixed by the county judge in an order of distribution, see Florida Statutes 731.22 [F.S.A.]. The county judge having revoked his order of distribution previously entered, the widow is not entitled to any legal interest until an order of distribution has been entered by a county judge.
"The appellant has raised the question of election and this court has fully examined the cases cited by the attorney for the appellant and finds that the theory of election is not applicable in this case.
"It appearing to this court that the county judge in his order interpreting the will was correct in his interpretation of article third in that said amount of $344,697.73 is not subject to being reduced by property constituting a part of the gross estate of the decedent for estate tax purposes which passed to the widow outside of the said will and it further appearing that the lower court was in error in allowing the widow to share in the economic gain or loss on the assets and income during the course of administration. It is, therefore, affirmed in part and reversed in part and remanded to the county judge's court to enter such orders consistent with the views herein expressed."
On the appeal to this court, appellants in their brief stated one point, to-wit:
"That the circuit court, on appeal from the county judge's court, in said order on appeal dated June 24, 1957, erred in not affirming in whole said order of the county judge dated February 13, 1957."
On consideration of the questions raised on that point, as resubmitted and argued *693 here, we feel impelled to uphold, and we hereby affirm the judgment rendered thereon by the circuit court on the earlier appeal.
Affirmed.
HORTON and PEARSON, JJ., concur.