119 So.2d 67 (1960)
Beulah McCollum KING and Jackson L. King, As Executors of the Will of Rufus De Witt King, Deceased, Appellants.
v.
CITIZENS AND SOUTHERN NATIONAL BANK OF ATLANTA, GA., As Trustee, Appellee.
No. 58-740.
District Court of Appeal of Florida. Third District.
March 17, 1960.
*68 Wilson Trammell and G.C. Conner, Miami, for appellants.
Redfearn, Ferrell & Simon, Miami, for appellee.
HORTON, Chief Judge.
The appellants, executors of the last will and testament of Rufus De Witt King, deceased, appeal from an order of distribution made by the county judges' court, Dade County, Florida.
This is the second appearance of this case in this court. In the prior appeal (Fla. App. 1958, 103 So.2d 689, 692) this court affirmed a decision of the Circuit Court of Dade County, which, inter alia, said:
"It is therefore apparent, that the widow is entitled to the amount determined by the formula of fifty per cent (50%) of the adjusted gross estate totaling $344,697.73, which would not be reduced by any amounts or properties received by the widow outside the will * * *."
and further held:
"It is apparent from the reading of the will that the legacy bequested to the widow is a general legacy and therefore is not entitled to share in the economic gain or loss of the assets during the course of the administration of the estate and is also not entitled to share in the income on the assets of said estate."
The order of distribution, dated October, 1958, from which the present appeal is taken, recites in paragraph 2:
"On May 24, 1951 during his life time, the decedent Rufus DeWitt King, and his wife, Beulah McCollum King, entered into an agreement in writing whereby they dissolved as of December 31, 1950 a partnership existing between them. By this agreement a division of the partnership assets was agreed upon and in the equalization of the distribution to be made of these assets it was determined and agreed that Mrs. King owed Mr. King the sum of $59,012.64. Thereafter during the life time of Mr. King and acting upon said agreement, Mrs. King made payments upon said indebtedness to her husband and had reduced the same at the time of Mr. King's death to a balance of $28,666.68. Said sum of $28,666.68 was listed by the executors in their inventory of the assets of the estate as an indebtedness owing by Mrs. King and thereafter Mrs. King paid this sum to the estate.
"Said indebtedness shown as $28,666.68 by the inventory was questioned by the Federal Internal Revenue Department in connection with the audit of the Federal estate tax return. The Internal Revenue Department in making its audit went behind the settlement agreement and concluded that the settlement agreement resulted in there being allocated to Mrs. King partnership assets in excess of the amount to which she may have been entitled to receive under the partnership agreement, and upon that premise concluded that the balance owing to the decedent in order to equalize such distribution of partnership assets should be $97,190.17 instead of the figure of $28,666.68, the latter being the balance due upon the amount agreed upon between the parties under the settlement agreement. The Internal Revenue Department took the position that this increase should be included in the gross taxable estate of the decedent."
Based upon these facts, the county judge then proceeded to reduce by $34,261.74 the widow's pecuniary legacy, which had previously been determined on appeal to be $344,697.73. This deduction represented 50% of the difference between the amount owed by the widow in accordance with the partnership settlement agreement and the amount included in the gross taxable estate as a result of the Internal Revenue audit.
*69 In fixing the valuation dates of property distributed to the widow in kind, the county judge used the date and market value as of the date of delivery under the order of distribution which was later revoked.
In determining the allowance of interest on the pecuniary legacy to the widow, the county judge applied § 731.22, Fla. Stat., F.S.A., which provides:
"From and after the time fixed by the county judge in an order of distribution, general legacies shall bear legal interest until paid."
and found that this was not a proper case under said statute, facts and circumstances for the allowance of interest.
Appellants raise two principal points on appeal which are summarized as follows: (1) the county judge erred in reducing the bequest to the widow, as determined by the prior appeal; and (2) the county judge erred in refusing to allow interest on said legacy, and in doing so, abused the discretion vested in him under § 731.22, Fla. Stat., F.S.A.
The law of the case, as affirmed by this court in the prior appeal, settled the amount to which the widow was entitled at $344,697.73, which could not be reduced by any amounts or properties received by the widow dehors the will.
The general rule is that when an appellate court passes upon questions and remands the case for further proceedings, the questions there settled become "the law of the case," and are binding upon the parties. 3 Am.Jur., Appeal and Error § 985; 2 Fla.Jur., Appeals § 404. Following the law of the case, the amount to which the widow is entitled may not be reduced by any amount received by her dehors the will and the sum of $68,523.49 must be so considered unless shown to be a part of the estate for probate purposes.
The gross estate for federal estate tax purposes may be very different from the same decedent's estate for probate purposes, since the gross estate may include properties in which the decedent did not have an interest at the time of death. See Hooker v. Drayton, 69 R.I. 290, 33 A.2d 206, 150 A.L.R. 723; Porter v. Commissioner, 288 U.S. 436, 53 S.Ct. 451, 77 L.Ed. 880.
The partnership settlement agreement was a binding agreement under the laws of this state and its validity has not been questioned on this appeal. See Underwood v. Underwood, Fla. 1953, 64 So.2d 281. It is recognized that the federal government has authority to go behind the settlement agreement for the purpose of taxing. See Simmons v. Commissioner of Internal Revenue, 5 Cir., 1947, 164 F.2d 220, 223, where the court said:
"A transfer by a husband to his wife of an interest in a partnership may be valid for all purposes of local law, but may not be effective for federal tax purposes."
However, this does not affect the validity of the settlement agreement under the state law. See Burnet v. Harmel, 287 U.S. 103, 110, 53 S.Ct. 74, 77 L.Ed. 199.
In regard to appellants' second point, we refer again to the prior appeal where this court said (103 So.2d at page 692):
"A general legacy shall bear legal interest until paid from and after the time fixed by the county judge in an order of distribution, see Florida Statutes 731.22 [F.S.A.]. The county judge having revoked his order of distribution previously entered, the widow is not entitled to any legal interest until an order of distribution has been entered by a county judge." [Emphasis supplied.]
It is a general rule that unless otherwise provided by the will or statute, interest is payable on a general legacy from the time when the legacy should be paid until the *70 time when it is paid. 97 C.J.S. Wills, § 1347.
Where a statute prescribes the time from which interest on legacies shall commence to run, it of course supersedes the general rule of the common law and governs the right to interest and the time from which it runs. From an examination of the record before us, we are of the view that the county judge did not abuse his discretion when he failed to allow interest.
The appellee has raised a further point which has not been previously discussed  that the county judge erred by selecting an arbitrary date for valuation of property distributed in kind to the widow instead of the date payment will be made to her, and this selection was an abuse of discretion by re-establishing a prior order which was reversed by this court. We fail to find that this issue was raised or decided by this court on the prior appeal. In this regard, the order of distribution now on appeal provided:
"It was not the intention of the court to disturb any distribution previously made to which the beneficiary was properly entitled, nor to change the valuation of such property distributed to any date other than that date as of which it had been previously distributed."
As indicated by Casner, Estate Planning, 648 (2d ed. 1956):
"When the executor is authorized to satisfy a pecuniary legacy by a distribution in kind, the property so distributed is valued for this purpose in the absence of any contrary provision in the will at its value at the time of distribution."
The learned trial judge, in the order of distribution on appeal, did not err by ratifying, approving and confirming the previous distribution to the widow. Therefore, it follows that the date for the purposes of valuation is the date upon which the property in kind was previously distributed to the widow.
For the reasons herein stated, the order appealed is affirmed in part and reversed in part and remanded for further proceedings not inconsistent herewith.
Affirmed in part and reversed in part and remanded.
PEARSON and CARROLL, CHAS., JJ., concur.