## George Estate

*Walter Swoope* of *Bell, Silberblatt & Swoope,* for administrators.

*Musser Gettig* of *Litke & Gettig,* for residuary legatees.

*David Baird* of *Baird, McCamley & Miller,* for widow.

CAMPBELL, P. J., December 18, 1964.—The adverse parties in this estate have chosen to resolve their

differences by the filing of a petition for a declaratory judgment under the Uniform Declaratory Judgments Act of June 18, 1923, P. L. 840, 12 PS §831.

James W. George, decedent, died testate on December 11, 1962. The First National Bank of Philipsburg and J. Lester George were appointed administrators c. t. a. The will of decedent dated May 24, 1957, contained six numbered paragraphs of which we deem three to be important in the disposition of this case, as follows:

*"SECOND:* I give, devise and bequeath to my wife, MABEL S. GEORGE, any and all real estate which I may own at the time of my death, to be hers absolutely.

*"THIRD: I give and bequeath to my wife, MABEL S. GEORGE, In addition to the real estate hereinbefore set forth, one-half of my adjusted gross estate, as computed for Federal Estate Tax Purposes, excluding said real estate.* (Italics supplied.)

*"FIFTH:* All estate, inheritance, succession and other taxes, imposed or payable by reason of my death, and interest and penalties thereon, with respect to all property comprising my gross estate for death tax purposes, whether or not such property passes under this will, shall be paid out of the principal of my residuary estate after the setting apart of the devise and bequest hereinabove set forth, as if such taxes were administration expenses, without apportionment, or right of reimbursement. I authorize my Executors to pay all such taxes at such time or times as they deem advisable."

The first numbered paragraph of the will directs the payment of debts; the fourth makes a bequest to the mother of decedent, if she survives him; and the sixth bequeaths all of the rest, residue and remainder of his estate, not specifically disposed of in paragraphs numbered Second, Third, and Fourth, to his

six brothers and sisters, a sister-in-law and a brother-in-law.

The real adverse parties in this proceeding are the wife of decedent on the one hand and the residuary beneficiaries on the other.

The dispute involves specifically the interpretation of paragraph Third of the will.

The problem, we believe, can be best understood by examining Schedule O of Form 706, being the Federal Estate Tax Return of the decedent, as follows:

SCHEDULE O
RECAPITULATION
Gross Estate

| | | |
|---|---|---|
| A. Real estate | | $ 38,000.00 |
| B. Stocks and bonds | | 111,441.30 |
| C. Mortgages, notes and cash | | 31,997.89 |
| D. Insurance | | 22,636.70 |
| E. Jointly owned property | | 10,145.60 |
| F. Other miscellaneous property | | 741.85 |
| | **TOTAL GROSS ESTATE** | **$214,963.34** |
| | Deductions | |
| J. Funeral expenses and administrative costs | $17,018.40 | |
| K. Debts of decedent | 558.91 | 17,577.31 |
| | **ADJUSTED GROSS ESTATE** | **$197,386.03** |

The insurance listed in Schedule O was payable to the wife of the decedent and the jointly owned property under Schedule O was held jointly with his wife. As such they belonged to decedent's widow immediately upon his death and did not pass under his will. Pursuant to paragraph Third of the will, the fiduciary determined the adjusted gross estate to be $197,386.03. From this, they subtracted the value of real estate in the amount of $38,000 and arrived at a balance of $159,386.03. Dividing this in half, they offered to the widow the sum of $79,693.01 less $22,636.70, being the value of the insurance, and $10,145.60, being the

value of the jointly held property, making a net distribution to her of $46,910.71. This she refused, contending that she was bequeathed a pecuniary legacy of one-half of the adjusted gross estate, to-wit: $79,-693.01, which should not be diminished by the amount of the insurance and jointly held property which passed to her dehors the will.

Mr. Chief Justice Bell in the recent case of Houston Estate, 414 Pa. 579, sets forth the pertinent principles of law governing the construction of a will. In brief they are that the testator's intention is the polestar in the construction of every will and that intention must be ascertained from the language and scheme of his entire will together with the surrounding facts and circumstances; it is not what the court thinks he might or would or should have said in the existing circumstances, or even what the court thinks he meant to say, but what is the meaning of his words. The testator's intention must be gathered from a consideration of all the language contained in the four corners of his will, his scheme of distribution, the circumstances surrounding him at the time he made his will and the existing facts. Technical rules or canons of construction should be resorted to only if the language of the will is ambiguous or conflicting, or the testator's intent is for any reason uncertain.

After bequeathing all of his real estate to his wife, decedent in paragraph Third of his will bequeathed to her *"in addition to the real estate hereinbefore set forth, one-half of my adjusted gross estate, as computed for Federal Estate Tax Purposes, excluding said real estate."*

We do not deem it material to the proper disposition of this case to determine whether or not the gift in paragraph Third is one of a dollar amount or one of a fractional share. We are convinced, however, that it is one of a dollar amount when we apply the reason-

ing in Althouse Estate, 404 Pa. 412; see also In re Estate of Kantner, 50 N. J. Sup. 582, 143 A. 2d. 243.

The only logical interpretation which we can assign to this language is that he gave to his wife a pecuniary legacy, the amount of which was to be determined by a formula as follows: one-half times [adjusted gross estate as computed for Federal Estate tax purposes minus the value of real estate bequeathed in paragraph Second of his will]. No place in the will can we discover any language indicating that decedent wanted his wife to have only one-half of all decedent's estate including his insurance and jointly owned property. We feel he intended to make a specific pecuniary bequest by reason of the language contained in the residuary clause of his will in that he therein bequeathed to his residuary legatees all of the remainder of his estate not specifically disposed of in paragraphs Second, Third and Fourth. His scheme of distribution is not based on shares but is based upon three specific bequests followed by the residue, after payment of debts and taxes, going to the residuary legatees.

It is argued that decedent's will could not be effective to bequeath to his wife the proceeds of the insurance and the jointly held property for the reason that they passed dehors the will: Peden Estate, 409 Pa. 194.

With this principle of law we have no quarrel. It is not in contention that they did or did not pass under the will. The problem is whether it was the intention of the testator that they be included in the formula to be used to determine his adjusted gross estate and if so, whether the result [the adjusted gross estate] should be diminished further by the amounts of these items which passed to her dehors the will. We can find no expressed or implied intent in the will which would permit deductions from the bequest as made, for property which passed to the widow by operation of law. Indeed, the contrary is evident in paragraph Fifth of

the will in which decedent recognized that, for the purpose of taxation, property not passing under his will would be included in his gross estate for death tax purposes and of necessity used in the formula. If he intended deductions to be made for the insurance and jointly owned property he could have so provided just as he did provide for a deduction of the value of real estate which he bequeathed to his wife in paragraph Second.

We would hold that there is no ambiguity in the terminology and since testator used the technical phrase [adjusted gross estate] as is used in the internal revenue code, it must be interpreted according to the law in effect at the testator's death: Brown Estate, 408 Pa. 214.

In construing a will, technical words must ordinarily be given their legal effect since it must be presumed that they were intentionally and intelligently employed: Grier Estate, 403 Pa. 517.

To our knowledge the question involved herein is one of first impression in this state. We find no Pennsylvania cases on point. Our position is fortified, however, by decisions in our sister States on similar cases. Where the will of decedent provided as follows:

"A. To *Madeline W. Reben,* my beloved wife, fifty per cent (50%) of the gross estate after deducting all items allowed by the Federal Tax Department as deductions so that the amount which is hereby devised to her shall equal in value to the maximum amount of the allowable marital deduction of which my estate may be entitled under the provisions of Section [812], subdivision (E) of the Internal Revenue Code, and any statutes amendatory thereof, supplemental thereto or enacted in place and stead of, before any provisions are made for the payment of any State and Federal inheritance or estate taxes chargeable against my estate."

The court in construing this provision in the will held as follows:

"The Court concludes that the amount of the general legacy bequeathed to the widow of the testator is to be determined in accordance with the prescribed formula without diminution by reason of the fact that property or property interests qualifying for the marital deduction under the provisions of the 1948 Revenue Act and required to be included in the Federal estate tax return has passed or may pass to the widow dehors the will. The will is so construed": In Re Reben's Will, 115 N. Y. S. 2d 228.

In King v. Citizens and Southern National Bank of Atlanta, Ga., 103 So. 2d 689 (Fla. App.), the decedent's will read as follows:

"I devise and bequeath unto my beloved wife, Beulah McCollum King, fifty percentum (50%) of the assets of my estate remaining after payment of administration expenses, funeral expenses, and claims against my estate, before deduction of Estate or Inheritance taxes. It is my intention in the instant paragraph to devise and bequeath unto my said wife fifty percentum (50%) of my adjusted gross estate, as the same is defined for Federal Estate Tax purposes."

The court therein held:

"It is apparent from examination of the will that the testator made no reference to the property passing outside of the will. If the testator had desired to reduce the testamentary bequest by reason of property passing outside of the will he may have done so by a positive provision that it be reduced, which he failed to do. It is therefore apparent, that the widow is entitled to that amount determined by the formula of fifty per cent (50%) of the adjusted gross estate . . . which would not be reduced by any amounts or properties received by the widow outside of the will . . ."

While in no way controlling, we state in passing that—

"In the construction of a will the surviving spouse is a favorite of the law. Provisions in a will for the benefit of the testator's widow should be upheld and effectuated as far as reasonably possible, and to this end should be construed liberally in her favor . . .": Tarter's Estate, 291 Pa. 458.

In view of the foregoing discussion we construe paragraph Third of decedent's will to be a pecuniary bequest equivalent to one-half of the adjusted gross estate as shown on Schedule O of Form 796, being decedent's Federal estate tax return, after deducting $38,000 therefrom, being the value of the real estate bequeathed in paragraph Second; to-wit: the sum of $79,693.01, and the administrators c. t. a. are directed to distribute said amount to the widow, Mabel S. George, without deducting therefrom any amount she received for insurance or jointly owned property which passed to her dehors the will.

And now, to wit, December 18, 1964, an exception is noted and bill sealed for the residuary legatees.