Argued January 10, reversed January 20, 1965

In the Matter of the Estate of
HERBERT E. HAUGER, Deceased
GANONG *v.* HAUGER et al and
HENNEFER et al
398 P. 2d 187

*William Ganong,* Klamath Falls, argued the cause
for appellant. On the briefs were Ganong & Ganong
and Ernest F. Gordon, Klamath Falls.

*Sam Kyle,* Albany, argued the cause for respondents. With him on the brief were Willis, Kyle & Emmons, Albany.

Before McAllister, Chief Justice, and Sloan, Goodwin, Denecke and Lusk, Justices.

SLOAN, J.

This is a declaratory judgment proceeding brought by the executor of the estate of Herbert E. Hauger to construe the terms of his will.

The will was executed in 1956. In order to qualify his estate for the marital deduction allowed by the Federal estate tax laws Mr. Hauger inserted this paragraph in the will:

> "I give, devise and bequeath unto my wife, Viola Hauger, should she survive me, in addition to the devise made her in Paragraph Fifth above, an amount equal to fifty per cent of the value of my adjusted gross estate as finally determined for Federal Estate tax purposes. My executor shall have full authority and discretion to satisfy said bequest wholly or partly in cash or kind, and to select and designate and to convey and assign unto my said wife, the cash, securities or other assets, including real estate and interests therein, which shall constitute said bequest; * * * and provided further that in no event shall there be included in said bequest any asset with respect to which a marital deduction would not be allowable if so included. * * *."

At the date the will was executed none of Mr. Hauger's property was held in any form of joint tenancy with his wife. Later, he and Mrs. Hauger acquired property of substantial value, title to which was taken with the right of survivorship. He also

changed the designation of the beneficiary of life insurance policies to name Mrs. Hauger as the direct beneficiary. All of this jointly held property qualified for the marital deduction and was included in the adjusted gross value of his estate for Federal estate tax purposes. It was not, of course, otherwise included in his estate that was subject to probate.

The problem presented by this case was created by the last proviso "That in no event shall there be included in said bequest any asset with respect to which a marital deduction would not be allowable if so included." The residuary beneficiaries of the will contend that this proviso requires the executor to consider the property passing to Mrs. Hauger aside from the will and reduce the bequest made by the will to that extent. Mrs. Hauger contends that she is entitled to all of the jointly held property and the proceeds of the life insurance policies, plus fifty percent of the adjusted gross estate. The trial court held that she was not entitled to. We must reverse.

There is little case law that gives any aid in construing the problem language. *In Re Reben's Will* (Sur Court 1952) 115 NYS2d 228, is a case very similar to the instant one. In *Reben's,* however, the testator did have jointly held property at the time the will was executed. We think this difference is immaterial. The court, in deciding the case, held as we do, that an intent to reduce the bequest by the value of the property passing by operation of law cannot be read into a will. It must be stated. In *King v. Citizens & Southern Nat. Bank of Atlanta, Ga.,* 1958, Fla., 103 So2d 689, the court literally adopted the opinion in the *Reben's* case.

It is necessary to rely largely upon the opinions of the writers and specialists in the field of taxation, par-

ticularly in estate planning. All of them appear to agree that if a testator intends that his spouse shall not take both property passing by the will and property which passes by operation of law, i.e.: insurance proceeds or jointly held property for example, the will must expressly state such an intention. See Trachtman, 19 Institute on Federal Taxation, NYU 631; 2 Appleman, 1957, Basic Estate Planning, 560 et seq.; 1 Casner, Estate Planning, (3d ed 1961) 792, et seq.; 1 Bowe, Estate Planning & Taxation, 1957, 100 et seq. We have found no authority to the contrary.

In the instant case Mr. Hauger's will contained no limitation requiring that the value of the non-probate property passing to the wife by operation of law should be deducted from the value of the bequest made in the will. We cannot read that restriction into the will. All of the parties agree that the will was the result of careful drafting. It must be taken that the testator, Mr. Hauger, did not intend that the reduction in the bequest should be made, otherwise the will would have so stated. The opinion in *Reben's,* at page 234 said the same thing. It appears to us that by the challenged clause it was intended by Mr. Hauger to limit the kind of property which should go to his wife, not the value thereof.

The decree must be reversed and a decree entered in accordance with this opinion. Costs to neither party.