BARNS, PAUL, D., Associate Judge
(dissenting).
Mable Irene Rogers, widow of the decedent, petitions for a rehearing to secure the Court’s construction and interpretation of the last paragraph of the Court’s Opinion heretofore filed. The petitioner states that the parties are in disagreement as to whether the word “estate” as found in Article VI of the will refers to the probated estate or the adjusted gross estate for tax purposes. The petitioner states:
“1. The Federal Estate Tax return for this estate was filed with the Revenue Department while this case was pending on appeal and the return shows the following:
a) Probate Estate $123,528.14
b) Property passing to widow dehors the will consisting of a co-operative apartment residence, miscellaneo1’ - property and insurance 46,282.11
c) Gross Estate for tax 169,810.25
d) Debts and Expenses 24,619.51
e) Adjusted Gross estate 145,190.74
f) Marital deduction /72,595.37”
One question presented by petitioner is whether the widow’s distributive^ share is to be credited with the value of the taxable property passing to the widow dehoi-s— the will, viz., $46,282.11. If the tegtator had so desired, he could have so provided by his will. It is a cardinal rule' that in construing wills the courts will/ not construe a will beyond its plain meaning, and provisions of a will for the benefit of a wife will be liberally construed in her favor. It is my conclusion that the testator’s devise and bequest to his widow should be determined by taking the probated estate as a base without being modified by property passing to her dehors the will. In re Reben’s Will, Sun, 115 N.Y.S. 2d 228.
The petitioner takes under the will, through the residuary clause (Article VI), and in the absence of any other controlling factors her share, when the calculation is confined to the facts above recited, would be as follows:
Probate Estate $123,528.14
Debts and Expenses of Administration 24,619.51
$ 98,908.63
One-half to the widow $ 49,454.31
*173 Unlike the will in King v. Citizens & Southern National Bank of Atlanta, Georgia, Fla.App., 103 So.2d 689, the testator did not provide that the bequest should be calculated on a basis of fifty (50%) per cent of his adjusted gross estate as defined for federal estate tax purposes.