219 So.2d 665 (1969)
NEW ORLEANS BAPTIST THEOLOGICAL SEMINARY, a Corporation of Louisiana, New Orleans, Louisiana
v.
Ruth Sims LACY, Executrix of the Estate of John Ryan Lacy, Deceased.
No. 45163.
Supreme Court of Mississippi.
January 20, 1969.
Rehearing Denied March 3, 1969.
Ethridge, Minniece, Bourdeaux & Jones, Meridian, for appellant.
Dunn & Singley, Meridian, for appellee.
RODGERS, Justice:
This case involves the interpretation of a will. John Ryan Lacy died November 24, 1965. His will was admitted to probate in the Chancery Court on December 6, 1965, and his widow, Mrs. Ruth Sims Lacy was named executrix of the will. She was duly appointed and qualified as executrix, and proceeded to administer the estate of her late husband. The will directed that the debts of the testator be first paid as follows:
"ITEM 1. Payment of Debts and Charges.
"I direct that all of my just debts, all estate and other taxes which may be imposed upon my estate as a result of my death, all expenses of my last illness, all funeral and burial expenses, and the costs and expenses of administration of my estate, be paid from my residuary estate, without apportionment."
The testator then proceeded to dispose of his estate upon the assumption that his wife, the named executrix, would survive him, and later, in the alternative, testator *666 disposed of his estate as if his wife had predeceased him. Mrs. Lacy survived her husband, and that part of the will written in the alternative is not applicable.
The objection to the approval of the final report of executrix in the main involves the interpretation of Items III and IV of the will, the devise to the widow:
"ITEM III. Marital Deduction Bequest and Devise.
"If my beloved wife, Ruth Sims Lacy, survives me, I give, devise and bequeath to her that fractional share of my estate necessary to obtain the maximum deduction allowable by Section 2056 of the Internal Revenue Code of 1954 in determining the Federal estate tax upon my estate or by any statute of like import which may be hereafter enacted (which deduction is commonly called the Marital Deduction), taking into account all items included in my gross estate for Federal estate tax purposes, whether or not said items pass under this will, which qualify for the said deduction. In computing this fractional share, the final proceeding in the determination of the Federal estate tax due by my said estate shall control as to values to be used and items of property which may be included therein. My said wife is hereby authorized to select the specific items of property to be included in the fractional share of my estate passing under this bequest; provided, however, that only items of property which qualify for the said Marital Deduction shall be allocated to such fractional share; and provided further that the property so selected shall have an aggregate fair market value representative of the appreciation or depreciation in the value of my entire estate to the date or dates of each distribution. Should my said wife predecease me, this devise and bequest shall lapse, and the property above described shall pass and be distributed as hereinafter provided in Item VI of this my last will and testament.
"ITEM IV. Devise and Bequest of Life Estate to my Wife.
"All of the remainder of my estate, of whatever kind and character, whether real, personal or mixed property; whether held in possession or in expectancy, and wheresoever situated, I give, devise and bequeath to my beloved wife, Ruth Sims Lacy, if she survives me, for the period of her natural life.
"I hereby give my said wife full power and authority, in her discretion, to hold and retain any property coming to her under the provision of my will in the same form of investment as that in which it may exist at the time of my death; and I also give to my said wife full power and authority, in her discretion, to sell at private or public sale, to lease and to exchange the whole or any part of such property, whether real or personal, at such prices and on such terms and conditions as to her may seem best. The purchasers thereof shall receive a good and valid title to such interest in property as may be conveyed by my said wife under this provision, free from any and all claims of those having remainder interests therein, and said purchaser shall be under no duty or obligation to see to the distribution of the proceeds of any such sale. The proceeds of the sale of such real or personal property may be invested and re-invested in property of any kind which my said wife, in her discretion, may deem best, although the same may not be of the character permitted for a fiduciary's investment by the statutes of the State of Mississippi or any rule of law.
"All of the income from said residuary estate shall be retained absolutely by my said wife. She shall also have the right to use all or any part of the principal as she may determine necessary to her maintenance and support in the standards to which she has been accustomed in our life together, and to her medical, dental, hospital and nursing expenses, including, *667 if any, expenses of her care and custody during any period of invalidism.
"All that remains of my said residuary estate at the death of my beloved wife, Ruth Sims Lacy, shall be distributed to those persons and institutions, and in such amounts or shares, as are hereinafter set forth in Item V."
Item V of the will disposed of that part of testator's property in which he had given his wife a life estate, so that the residue of the estate remaining after the death of testator's widow went to various devisees, including the Southern Baptist Theological Seminary of New Orleans, Louisiana.
The testimony shows that the executrix of the will filed an estate tax return with the United States Internal Revenue Service and an estate tax return with the Mississippi State Tax Commission. It appeared that there was no estate tax due the United States, but the estate did owe and paid to the Mississippi State Tax Commission $225.70.
The executrix included in the federal estate tax returns certain items of property that passed to the widow in addition to and outside the property devised to her in the will:
(1) an undivided interest in their home, valued at $7,500.00,
(2) certain shares in an Affiliated Fund valued at $9,915.35,
(3) a bank account in the Citizens National Bank of Meridian, Mississippi, in which the widow was a joint tenant with right of survivorship, valued at $3,998.45,
(4) insurance policies in the sum of $12,613.94,
making a grand total of $34,027.74 received by the widow outside of the will.
The gross value of the estate of the testator shown by the report to the United States Internal Revenue Service was $106,399.78. In this sum was included the property given to the testator's widow outside the will. The estimated debts of the testator shown by this report were $5,215.91, and after the amount was deducted from the testator's gross estate, the estate was shown to have a value of $101,183.87.
Under the federal law the widow was entitled to an exemption of one-half of the net estate, or the sum of $50,591.93, free of federal taxation. Int.Rev.Code of 1954 § 2056. The net estate was also entitled to "estate tax exemption" of $60,000, before any tax was due the United States. Since the remainder of the estate was less than the exemption, the estate did not owe any estate tax. Under the state law, however, the estate did owe $225.70 to the State of Mississippi.
The wording of the will brings into focus the amount of the adjusted gross estate in the federal tax returns. The will devised to the widow "that fractional share of my estate necessary to obtain the maximum marital deduction * * * taking into account all items included in my gross estate for Federal estate tax purposes, whether or not said items pass under this will, which qualify for the said deduction."
The New Orleans Baptist Theological Seminary, a residuary devisee, hereafter called "Seminary," contended in the trial court and now contends in this Court that these words in the will require the subtraction or deduction from the maximum marital deduction allowable under section 2056 of the Internal Revenue Code of 1954 of the value of those items or property included in the gross estate given to his wife but which did not pass under the will from the amount due the widow as her fractional part of the estate.
It is contended by the Seminary that testator left his wife a certain fraction of his estate which could be mathematically determined by the foregoing federal tax statute mentioned in the will; that this sum was determined to be one-half of his *668 adjusted gross estate of $101,183.89 as the marital deduction allowable in the sum of $50,591.93.
It is further contended that inasmuch as this figure was determined by the adjusted value of the estate plus the value of property given to the widow outside of the terms of the will by reason of the property held by testator and his widow as joint tenants with the right of survivorship, that the value of the property given to her outside of the will, $34,027.74, should have been taken from the one-half of the gross adjusted estate. In other words, $34,027.74 should have been subtracted from $50,591.93 due to the widow, and after subtracting the actual expenses she could recover no more than $14,831.46.
It is further contended that the amount determined to be due the widow by the tax formula should also be reduced by the sum of $1,732.74, or one-half the difference between the amount of expenses actually paid ($8,681.38) and the estimated amount of $5,215.91 reported as expenses in the tax return.
The Seminary further contends that the sum of $6,000 allowed to the widow by the Chancery Court out of the estate for her maintenance and support in compliance with Mississippi Code 1942 Annotated section 561 (1956) should also be subtracted from the amount determined to be due to her under the marital deduction tax formula.
In short, it is contended that the widow should be paid the sum of $8,831.46 as her "fractional part" of the estate of her husband under the terms of the will, and that the balance of the estate should be reserved as that part of the estate to be distributed to the residuary legatees, although it is subject to the use of the widow during her natural life.
We are therefore confronted with the issue as to whether or not that fractional part of the estate determined to be the amount due the widow under the terms of section 2056, Internal Revenue Code of 1954 should be reduced by the property and money going to the widow outside the will.
This problem has given this Court considerable concern, particularly in view of the fact that the reported cases on this issue are in conflict. The interpretation of the intent of the testator in will cases has always been a serious problem in the courts. It has been said that:
"Over two hundred years ago Lord Coke made the observation, which is nearly as true now as it was then, that `wills and the construction of them do more perplex a man than any other learning; and to make a certain construction of them, this excedit jurisprudentum artem,' and Judge Story has said that any attempt even to classify the cases on the construction of wills, much less to harmonize them, is full of the most perilous labor." 57 Am.Jur.Wills § 1120 (1948).
Internal Revenue Code of 1954 section 2013(d) is as follows:
"The value of property transferred to the decedent shall be the value used for the purpose of determining the Federal estate tax liability of the estate of the transferor but 
"(1) there shall be taken into account the effect of the tax imposed by section 2001 or 2101, or any estate, succession, legacy, or inheritance tax, on the net value to the decedent of such property;
"(2) where such property is encumbered in any manner, or where the decedent incurs any obligation imposed by the transferor with respect to such property, such encumbrance or obligation shall be taken into account in the same manner as if the amount of a gift to the decedent of such property was being determined. * * *"
Turning now to the will, we find that Item III of the will of Mr. Lacy gave *669 Mrs. Lacy a share of his estate, the amount of which was to be determined by the maximum deduction allowable by section 2056 of the Internal Revenue Code of 1954. This section is commonly called the marital deduction section, a section of the law which was designed to benefit the surviving spouse.
In Item IV testator left the remainder of his estate to Mrs. Lacy, his wife, for her use "for the period of her natural life" with "the right to use all or any part of the principal as she may determine necessary to her maintenance and support" etc. The testator provided further that "all that remains of my said residuary estate at the death of my beloved wife, Ruth Sims Lacy, shall be distributed to those persons and institutions, and in such amounts or shares, as are hereinafter set forth in Item V."
Item III is an accepted "fractional formula" and will obtain the major tax benefits for the maximum marital deduction for estate tax purposes. It is said to be mathematically precise. See footnote in McGorry, Pecuniary or Fractional Formula?, 98 Trusts and Estates 422 (1959).
In order to take advantage of section 2056, Internal Revenue Code of 1954, it was necessary to take into account all interests that had previously passed to the surviving spouse or were to pass to her at the time of the death of the testator or under clauses of the will and property going to her outside the will from the estate of the testator. Such clauses set out in a will are said to be tax formula clauses and the use of tax formula clauses in a will fixes the interest of the wife in the estate for tax purposes. In other words, a "fractional formula" clause is a dollar amount given to the surviving spouse, which, when added to the amount that passes to the surviving spouse "outside the will," does not exceed one-half the testator's estate.
Since section 2056(c) (1), Internal Revenue Code of 1954 requires that the aggregate of the deductions allowed under this Code section shall not exceed fifty percent of the value of the adjusted gross estate, the figure determined to be the value of the adjusted gross estate, $101,183.87, was incorporated into the "first and final account" filed for approval in the Chancery Court. One-half of this sum is $50,591.93, as shown by the schedule of the United States Estate Tax Return in the record.
The executrix shows in her final report that the adjusted gross estate should have taken into account the sum of $6000 going to the widow out of the estate of the testator, so that when this sum is subtracted from the adjusted estate, the proper adjusted estate should be $95,183.87, and that the widow should be entitled to $47,591.93 from the estate. This figure is the amount of the fractional part of testator's estate devised to his widow unless the property and funds given to the wife outside the will should be deducted from her share.
The question as to whether or not the property going to the wife outside the terms of the will should be deducted from the amount determined to be her fractional part of the testator's estate as shown by the "fractional formula" in section 2056 of the Internal Revenue Code of 1954, has not been presented to this Court heretofore, although there is one case in our jurisdiction touching upon this point that will be discussed later.
This issue has been presented to other courts and some of these cases which we found to be of interest will be discussed briefly.
In our neighboring state of Florida, there are two cases which seem to be in conflict on this question. They are King v. Citizens and Southern National Bank, 103 So.2d 689 (Fla.App. 1958), and In re Estate of Rogers, 180 So.2d 167 (Fla. App. 1965).
*670 In King, supra, the paragraph in question reads as follows:
"Third. I devise and bequeath unto my beloved wife, Beulah McCollum King, fifty percentum (50%) of the assets of my estate remaining after payment of administration expenses, funeral expenses, and claims against my estate, before deduction of Estate or Inheritance taxes. It is my intention in the instant paragraph to devise and bequeath unto my said wife fifty percentum (50%) of my adjusted gross estate, as the same is defined for Federal Estate Tax purposes." 103 So.2d at 690.
The lower court awarded the widow fifty percent of the adjusted gross estate which passed under the terms of King's will, plus all property which passed to her dehors the will. This is precisely the interpretation that the Chancery Court of Lauderdale County, Mississippi gave to the provision in question in Mr. Lacy's will. Citing the rule that a surviving spouse is a favorite of the law, the Florida Supreme Court stated that it was evident that King's intention was to grant to his widow an amount equal to fifty percent of the estate passing under the will plus all property passing outside the will.
On the other hand, the case of In re Estate of Rogers, supra, reached precisely the opposite result. The pertinent clause in Rogers' will read as follows:
"I give, devise and bequeath to my beloved wife, Mabel Irene Rogers, a full undivided one-half (1/2) of all my residuary estate, computing that so she will have that full proportion of my estate that will entitle said estate to the full marital deduction, it being my intention that the watch and ring and stock which are specifically bequeathed to my daughter shall be computed in my gross residuary estate before the amount provided herein to go to my wife shall be calculated." 180 So.2d at 169.
The Supreme Court of Florida interpreted this clause to mean that the testator clearly intended to save taxes to the estate so that the distributable estate would be as much as obtainable under the law. The Court took this to mean that property passing to the wife outside the will was to be subtracted from the portion of the estate bequeathed to the wife in the will. Barns, J. dissented, citing In re Reben's Will, Sur., 115 N.Y.S.2d 228 (1952), and King v. Citizens and Southern National Bank, supra, and concluded that the testator's devise and bequest to his widow should have been determined by taking the probated estate as a base without being modified by property passing to her dehors the will.
One of the leading cases on this issue  at least a case which seems to be cited more than others  is the case of In re Reben's Will, supra. In that case the Court said:
"Here the will explicitly provides that the legacy in question shall equal in value the maximum marital deduction to which the estate may be entitled under the provisions of Section 812(e) of the Internal Revenue Code. The validity of such provision to fix the amount of the legacy is not challenged. The sole question at issue, therefore, is whether the amount of the legacy determined by the use of the formula must be diminished by the value of the property passing to the legatee outside of the will, which is required to be included in the Federal estate tax return and which qualifies for the marital deduction. It is the contention of the respondents that the employment of the tax formula in question to fix the amount of the legacy manifests such intent.
"* * * If the testator had so desired, proper provision to reduce the testamentary gift by the value of the property passing to his wife, independent of the will, could have been added.

*671 * * * The Court concludes that the amount of the general legacy bequeathed to the widow of the testator is to be determined in accordance with the prescribed formula without dimunution by reason of the fact that property or property interests qualifying for the marital deduction under the provisions of the 1948 Revenue Act and requiring to be included in the Federal estate tax return has passed or may pass to the widow dehors the will. The will is so construed." 115 N.Y.S.2d at 233-234.
In the case of Ganong v. Hauger, 239 Or. 483, 398 P.2d 187 (1965), the Supreme Court of Oregon had before it a case in which the will of Herbert E. Hauger had the following paragraph:
"I give, devise and bequeath unto my wife, Viola Hauger, should she survive me, in addition to the devise made her in Paragraph Fifth above, an amount equal to fifty per cent of the value of my adjusted gross estate as finally determined for Federal Estate tax purposes. * * * and provided further that in no event shall there be included in said bequest any asset with respect to which a marital deduction would not be allowable if so included. * * *." 398 P.2d at 188.
The Oregon Supreme Court quoted from the case of In re Reben's Will, supra, and said:
"The Court, in deciding the case, held as we do, that an intent to reduce the bequest by the value of the property passing by operation of law cannot be read into the will. It must be stated. In King v. Citizens & Southern Nat. Bank of Atlanta, Ga., Fla.App. 1958, 103 So.2d 689, the court literally adopted the opinion in the Reben's case.
"It is necessary to rely largely upon the opinions of writers and specialists in the field of taxation, particularly in estate planning. All of them appear to agree that if a testator intends that his spouse shall not take both property passing under the will and property which passes by operation of law, i.e.: insurance proceeds or jointly held property for example, the will must expressly state such an intention. [Citing authority]." 398 P.2d at 188.
There is a fine discussion of the marital deduction formula clauses in wills for the purpose of estate planning to be found in 63 Michigan Law Review 809 (1965). The point before this Court is discussed on page 856. From this discussion and the cases cited by the parties now before the Court it is evident that there is a conflict in the holdings of the various courts.
In the case of Beckett v. Howorth, 237 Miss. 394, 115 So.2d 48 (1959), this Court had before it the question as to whether or not the adjusted gross estate of the decedent should include life insurance payable to the widow in the sum of $22,105.12. The Chancellor held that under the terms of the will in that case the insurance should be deducted from the trust estate, and this Court affirmed. An examination of the original record of the will shows that the third paragraph of the will established a trust estate for testator's wife of "property in an amount equivalent to one-half (1/2) of the value of my adjusted gross estate as determined for Federal Estate Tax purposes, this bequest and devise to said Trustee is to be reduced by the amount allowed as a marital deduction in my estate, other than by reason of the provisions of this paragraph."
It is apparent that the Court was correct in that case because the will itself required the adjusted estate going to the trustee to be reduced by the property going to the widow outside the will.
The parties have cited other cases, but which we do not discuss in view of the conclusion which we have reached in this case.
There are certain rules of construction of wills which have been of aid *672 to us in reaching a conclusion in this difficult case. The textwriter in 57 Am. Jur. Wills section 1120 (1948) has this to say:
"In construing a will, substance rather than form must be regarded, and the instrument should receive the most favorable construction to accomplish the purpose intended by the testator. * * * In interpreting wills, favor will be accorded to those beneficiaries who appear to be the special objects of the testator's bounty; and where the instrument is susceptible of two constructions the law inclines to favor that which is most favorable to the donee rather than that which would be against his interest."
In the instant case under Item III the testator gave to his wife "that fractional share of my estate necessary to obtain the maximum deduction allowable by section 2056 of the Internal Revenue Code of 1954." He said, however, that in determining that amount under the marital deduction clause, one should take "into account all items included in my gross estate for Federal estate tax purposes, whether or not said items pass under this will."
In other words, as we see it, the testator intended to give to his wife all that he could without incurring federal estate tax, and in order to do so it was necessary to take into account the property given to his wife outside the will. It was necessary to add to the estate which he had at the time of his death the money and property that he had given to his wife outside the will, but this was done for the purpose of determining his adjusted gross estate. Having determined the amount of his estate plus the amount he gave to his wife outside the will, less the expenses incurred, it was a simple matter to fix the sum going to his wife at one-half of this amount. The term "taking into account all items included in my gross estate for Federal estate tax purposes, whether or not said items pass under the will," simply meant that this was the method of finding the "adjusted gross estate" and it did not mean that the estate going to his wife should be reduced by the property and money going to his wife outside the terms of the will.
We are taught by the opinion in Kyle v. Wood, 227 Miss. 717, 728, 86 So.2d 881, 886 (1956) that in the interpretation of wills so as to give effect to the intention of the testator we are required to take into consideration every part and all of the will taken together. The Court said:
"(W)here the language used in one part of a will is susceptible of a two-fold construction that construction should be adopted which is most consistent with the intention of the testator as ascertained by other provisions of the will."
A casual reading of the will in the instant case shows beyond doubt that the dominant thought in the mind of the testator was that his wife should have his estate, and if after her death any remained, this residue should be given to the persons and institutions therein named.
We are of the opinion that, if the testator had intended that the property given to his wife outside the will should have been subtracted from the estate given to her by the terms of the will, he could have easily so stated in the will; moreover, a study of the will leaves no room to doubt that had he so intended he would have so stated in the will.
The decree of the Chancery Court approving the distribution of the estate under the terms of the will in the first and final account filed by the executrix is proper and should be, and is, hereby affirmed.
Affirmed.
ETHRIDGE, C.J., and PATTERSON, SMITH and ROBERTSON, JJ., concur.