PER CURIAM.
The decedent was survived by his wife, and by two adult children from a former marriage. He bequeathed to his wife 50 per cent of his adjusted gross estate as finally determined for Federal estate tax purposes, and the residue to his children. The form, or language employed to make the bequest to the wife may be termed a standard, or formula marital deduction clause, except that it did not contain a phrase reducing the bequest by the value of property passing to the wife outside the will. The children petitioned the trial court to construe the will as though the missing phrase were not omitted, and appeal both a final judgment in favor of the wife and an order allowing the wife costs and attorney’s fee payable from the estate residue.
We find no error in the trial court’s construction of the will. King v. Citizens and Southern National Bank of Atlanta, Ga., 103 So.2d 689 (Fla. 3d DCA 1958); Estate of McLaughlin, 30 N.Y.2d 781, 334 N.Y.S.2d 175, 285 N.E.2d 318 (1972); New Orleans Baptist Theological Seminary v. Lacy, 219 So.2d 665 (Miss.1969); Ganong v. Hauger, 239 Or. 483, 392 P.2d 187 (1965); In re Reben’s Will, Sur., 115 N.Y.S.2d 228 (1952). Cf. In re Estate of Rogers, 180 So.2d 167 (Fla. 2d DCA 1965). The trial court properly allowed fees to the wife’s attorneys. Section 733.106(3), Florida Statutes (1975); Johnson v. Burleson, 61 So.2d 170 (Fla. 1952); In re Estate of McCune, 223 So.2d 787 (Fla. 4th DCA 1969).
AFFIRMED.
CROSS, J., and LEFFLER, KENNETH M., Associate Judge, concur.
DAUKSCH, J., concurs in conclusion only.